IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

CASE NO.: 3:12-cv-00024-CVG-RM

BARBARA WALTERS,

    Plaintiff,

vs.

COWPET BAY WEST CONDOMINIUM
ASSOCIATION; THE BOARD OF THE
COWPET BAY WEST CONDOMINIUM
ASSOCIATION; ED WARDWELL; MAX
HARCOURT; BILL CANFIELD; ROSIE
WELLS; SHARON KOEHLER; DOUG
REBAK; and HERB HORWITZ as Board
Members; MAX HARCOURT, in his
personal capacity; LANCE TALKINGTON;
ALFRED FELICE; ROBERT COCKAYNE;
VINCENT VERDIRAMO,

    Defendants.
_____/

### RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE ALFRED FELICE WITH HIS PERSONAL REPRESENTATIVE AND/OR HIS SUCCESSOR IN INTEREST IN <u>COWPET BAY WEST CONDOMINIUM NO. 27</u>

COMES NOW, the undersigned counsel for Defendant ALFRED FELICE, deceased ("FELICE"), and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Virgin Islands, Division of St. Thomas and St. John, hereby files its Response to Plaintiff BARBARA WALTER's ("WALTERS") Motion to Substitute Alfred Felice with his Personal Representative and/or his Successor in Interest in Cowpet Bay West Condominium No. 27.

In support thereof, Counsel states as follows:

## SUMMARY OF THE ARGUMENT

Plaintiff moves, beyond the 90 day limitation period proscribed by Rule 25, to substitute Decedent Alfred Felice with: 1) his personal representative; 2) his successor in interest; 3) his successor; and/or 4) his successor in interest in Cowpet Bay West Condominium No. 27. Plaintiff's motion fails to include any brief containing a statement of reasons and citation of authorities for the right to the relief she seeks in violation of LRCi 7.1(c). Moreover, FELICE, who died without an estate, has no personal representative(s), no successor(s) and no successor(s) in interest exists in the Cowpet Bay West Condominium No. 27 and therefore no "proper party" exists whom this Court could substitute for FELICE.

## BACKGROUND AND PROCEDURAL HISTORY

1. On or about May 25, 2012, during the pendency of this action, but prior to file a responsive pleading, FELICE accidently drown. See Affidavit of Jon B. Felcie, Esq. attached hereto and incorporated herein as Exhibit "A" at ¶3.

2. The property located at Cowpet Bay West Condominium No. 27, St. Thomas, Virgin Islands (the "Property") was co-owned by FELICE and his wife Rosemary Felice. See Exhibit "A" at ¶4.

3. Alfred and Rosemary Felice acquired the Property at the same time. See Exhibit "A" at ¶5.

4. Alfred and Rosemary Felice both had title to the Property. See Exhibit "A" at ¶6.

5. Alfred and Rosemary Felice each owned an equal share of the Property. See Exhibit "A" at ¶7.

6. Alfred and Rosemary Felice each had an equal right to possess the Property. See Exhibit "A" at ¶8.

7. On FELICE's death his entire interest in the Property passed to Rosemary Felice, without going through probate. See Exhibit "A" at ¶9.

8. Alfred Felice had no possessions or assets and therefore no estate has been, or will be, probated for him and no personal representative exists, or will be appointed for him. See Exhibit "A" at ¶10.

9. After learning of his clients passing, on June 1, 2012, undersigned counsel filed a Notice of Death of Alfred Felice with this Court. [D.E. #29]

10. Moreover, on June 15, 2012, and on at least two other occasions, undersigned counsel telephoned Karin Bentz, Esq. counsel for the Plaintiff to inform her that FELICE had passed away without an estate and that no personal representative would be appointed.

11. On August 30, 2012, the 90 day limitation period for moving the court to substitute FELICE ran.

12. On September 4, 2012, after the 90 day limitation period proscribed by Fed.R.Civ.P. 25 had run, Plaintiff filed the instant Motion to Substitute Alfred Felice. [D.E. #55]

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 25 governs the substitution of parties in the event of a death. Rule 25(a)(1) states that "a motion for substitution may be made by any party or by the decedent's successor or representative." Rule 25(a)(3) requires that "a statement noting death, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."

Under the plain language of Rule 25, two contingencies must occur for the 90–day period to commence. First, the Notice of Death must be made upon the record. *Antoine v. Virgin Islands Port Authority*, 2008 WL 2872176 (D. Virgin Islands Jul. 23, 2008)(*citing, Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir.1994); *Grandbouche v. Lovell,* 913 F.2d 835, 836–37 (10th

Cir.1990)). Second, the suggestion of death must be served upon the parties, as provided in Rule 5 and non-parties as provided in Rule 4. *Id. citing*, Fed.R.Civ.P. 25. Most courts — including the 3rd Circuit — have construed this language to impose a general obligation on the noticing party to serve the notice of suggestion of death upon the deceased's successor. *See, Bass v. Attardi*, 868 F.2d 45, 50 n. 12 (3rd Cir.1989).

Herein, the Notice of Death was filed with this Court on June 1, 2012 and served on all parties *via* email through the Court's CM/ECF procedures. *See*, LRCi 5.4(i)(1) (the automatically generated "Notice of Electronic Filing" constitutes service of the filed document on Filing Users). Because FELICE died without an estate, no personal representatives, successors or any other interested non-parties exist who could be served "as provided in Rule 4." Therefore the "general obligation" (serving the suggestion of death upon the deceased's successor) noted by the *Attardi* Court is not implicated, required, or feasible herein. *See* Exhibit "A" at ¶10; *see also*, Fed.R.Civ.P. 25 (allowing only proper parties to be substituted for the decedent) Because the two (2) requirements of Rule 25 have been satisfied and because no proper party exists for which this Court may order substituted in for FELICE, Plaintiff's Motion must be denied and FELICE dismissed from this case.

Finally, Plaintiff provides no legal authority in support of her Motion to Substitute in contravention of the local rules of procedure. *See, e.g. In re Application for a Court Order Authorizing AT & T to Provide Historical Cell Tower Records*, 2011 WL 7092589 (V.I. Super. Apr 29, 2011). LRCi 7.1(c) requires that all "Motions … shall be accompanied by a brief which shall contain a concise statement of reasons and citation of authorities. Plaintiffs have failed to provide any reasons, citations or authority for this Court's power to substitute a non-existent party for the decedent.

WHEREFORE, the undersigned counsel for Defendant, ALFRED FELICE, respectfully requests that this Honorable Court issue an Order denying Plaintiff's Motion to Substitute, dismissing ALFRED FELICE from this case and for such further relief deemed just and appropriate under the circumstances.

Respectfully submitted:

Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
Telephone:  (305) 670-1101
Facsimile:  (305) 670-1161

/s/ Ryan C. Meade
William E. Crabill, Esq.
U.S.V.I. Bar No.: 1003
Ryan C. Meade, Esq.
U.S.V.I. Bar No.: 1033

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system this 21th day of September 2012, which will send a notice of electronic filing to: Richard P. Farrelly, Birch, deJongh, Hindels & PLLC, Poinsettia House At Bluebeard's, 1330 Estate Taarnebjerg, St Thomas, VI 00802; Karin A. Bentz, Law Office of Karin Bentz, P.C., 18 Dronningens Gade, Suite 8, St. Thomas, VI 00802; and John H Benham, III**,** Watts, Benham & Sprehn, P.C., P.O. Box 11720, St Thomas, VI 00801.

/s/ Ryan C. Meade
William E. Crabill, Esq.
Ryan C. Meade, Esq.