```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

BARBARA WALTERS,                     )
                                     )
                Plaintiff,           )
                                     )
                v.                   )     Civil No. 2012-24
                                     )
COWPET BAY WEST CONDOMINIUM          )
ASSOCIATION; THE BOARD OF THE        )
COWPET BAY WEST CONDOMINIUM          )
ASSOCIATION; ED WARDWELL, MAX        )
MARCOURT; BILL CANFIELD, ROSIE       )
WELLS, SHARON KOEHLER, DOUG          )
REBAK and HERB HORWITZ as Board      )
members; MAX HARCOURT, in his        )
personal capacity; LANCE             )
TALKINGTON; ALFRED FELICE,           )
ROBERT COKAYNE, and VINCENT          )
VERDIRAMO,                           )
                                     )
                Defendants.          )
_____)
                                     )
JUDITH KROMENHOEK,                   )
                                     )
                Plaintiff,           )
                                     )
                v.                   )     Civil No. 2012-25
                                     )
COWPET BAY WEST CONDOMINIUM          )
ASSOCIATION; THE BOARD OF THE        )
COWPET BAY WEST CONDOMINIUM          )
ASSOCIATION; ED WARDWELL, MAX        )
MARCOURT; BILL CANFIELD, ROSIE       )
WELLS, SHARON KOEHLER, DOUG          )
REBAK and HERB HORWITZ as Board      )
members; MAX HARCOURT, in his        )
personal capacity; LANCE             )
TALKINGTON; ALFRED FELICE,           )
ROBERT COKAYNE, and VINCENT          )
VERDIRAMO,                           )
                                     )
                Defendants.          )
_____)
```

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 2

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
Law Office of Karin Bentz, P.C.
St. Thomas, U.S.V.I.
    *For Barbara Walters and Judith Kromenhoek.*

**Joseph G. Riopelle, Esq.**
Boyd Richards Parker & Colonnelli
Tampa, FL
**Carl R. Williams, Esq.**
**Richard P. Farrelly, Esq.**
Birch, Dejongh & Hindels
St. Thomas, U.S.V.I.
    *For Cowpet Bay West Condominium Association, Ed Wardwell,*
    *Max Harcourt, Bill Canfield, Rosie Wells, Sharon Koehler,*
    *Doug Rebak, Robert Cockayne, Vincent Verdiramo, and Herb*
    *Horwitz.*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
    *Lance Talkington.*

**Ryan C. Meade, Esq.**
Quintairo, Prieto, Woo & Boyer, P.S.
Miami, FL
    *Alfred Felice.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court are the motions by Barbara Walters and

Judith Kromenhoek to substitute deceased defendant Alfred Felice

with his personal representative or successor in interest in

Cowpet Bay West Condominium No. 27.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 3

## I. FACTUAL AND PROCEDURAL BACKGROUND

Barbara Walters ("Walters") and Judith Kromenhoek

("Kromenhoek") each own units in the Cowpet Bay West Condominium

complex ("Cowpet"), a condominium community located in St

Thomas, U.S. Virgin Islands.

At all relevant times, Cowpet's Rules and Regulations

provided that

> Dogs and farm animals are prohibited. Owners will
> be fined as specified by the Board of Directors.
> The Association may require removal of any animal
> when it becomes bothersome to others or is deemed
> by the Association to be unacceptable.

(Rules and Regulations, Civil No. 2012-24, ECF No. 31-2.)

In or about February, 2011, Walters obtained a dog pursuant

to her doctor's advice. Because the Rules and Regulations

prohibited dogs on the Cowpet premises, Walters submitted

information about her dog's qualification as a service animal

and a letter from her doctor to Louanne Schecter ("Schecter"),

the Cowpet Office Manager.

In or about May of 2011, Kromenhoek obtained a dog pursuant

to her doctor's advice. In July of the same year, Kromenhoek

submitted information to Schecter about her dog's qualification

as a service animal. Kromenhoek also submitted to Schecter a

letter from Kromenhoek's doctor.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 4

Subsequently, portions of Walters's and Kromenhoek's applications appeared on an internet blog known as the Cowpet Bay Blog ("the blog"). The blog was allegedly maintained by Cowpet resident Lance Talkington. Walters and Kromenhoek allege that Cowpet residents, including Lance Talkington and Alfred Felice, began to harass and humiliate them in person and via the blog.

It is not clear from the record whether the Board approved Walters's and Kromenhoek's applications.

On April 9, 2012, Walters and Kromenhoek each filed a twenty-count complaint.[1]

Subsequently, on May 30, 2012, the Clerk's Office scanned and filed a document captioned "Copy of my Response to Lawyers of Plaintiffs" on behalf of defendant Alfred Felice, pro se. (Civil No. 2012-24, ECF No. 28.) The document is a handwritten letter which appears to be an answer to Walters's and Kromenhoek's complaints. The document is signed by Alfred Felice and dated May 19, 2012.

---

[1] Pursuant to Fed. R. Civ. P. 42, the two cases will be joined for the specific purpose of resolving the pending motions to substitute.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 5

Thereafter, on June 1, 2012, Attorney Ryan C. Meade, as attorney for Alfred Felice, filed a document purporting to be a notice of death as to Alfred Felice. The document simply states

> COMES NOW the undersigned counsel for Defendant ALFRED FELICE, and notes upon the record, pursuant to Rule 25(a)(1), of the death of ALFRED FELICE during the pendency of this action.

(Civil No. 2012-24, ECF No. 29.) The Certificate of Service indicates that the document was sent (electronically) to

> Richard P. Farrelly, Birch, deJongh, Hindels & [sic] PLLC, Poinsettia House At Bluebeard's, 1330 Estate Taarnebjerg, St[.] Thomas, VI 00802 and Karin A. Bentz, Law Office of Karin Bentz, P.C., 18 Dronningens Gade, Suite 8, St. Thomas, VI 00802.

(*Id.*) There is no indication in the record that any hard copies of the document were mailed out to any personal representative or successor in interest to Felice. There are no attachments or exhibits associated with the document.

Walters and Kromenhoek then each filed 22-count amended complaints on June 19, 2012. Walters's complaints were filed in Civil No. 2012-24. Kromenhoek's complaints were filed in Civil No. 2012-25. In their complaints, Walters and Kromenhoek alleged various claims against Cowpet residents, including Alfred Felice.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 6

Subsequently, on September 4, 2012, Walters and Kromenhoek
each moved to substitute Felice with his personal representative
or his successor in interest in his Cowpet condominium unit, No.
27. The Certificate of Service associated with the motion to
substitute indicates that copies of the motion were sent
electronically to

John H. Benham, III, Esq.
Benham & Chan
P.O. Box 11720
St. Thomas, Virgin Islands 00801
E-mail: benham@bclawvi.com

and

Richard P. Farrelly, Esq.
Birch de Jongh & Hindels, PLLC
1330 Taarneberg
St. Thomas, Virgin Islands 00802
E-mail: rfarrelly@bdhlwvi.com,

and by U.S. mail to

Ryan S. Meade, Esq.
Quintairos, Prieto, Wood & Boyce, P.A.
9300 South Dadeland Blvd; 4th Floor
Miami, Florida 333156

(Civil No. 2012-24, ECF No. 55.) There is no indication that any
hardcopies were mailed to any personal representative or
successor in interest to Felice.

Also, on September 4, 2012, Felice's counsel filed a
document captioned "Notice of 90 Days Expiring Since Notice of
Death of Alfred Felice." (Civil No. 2012-24, ECF No. 56.) The

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 7

document states that the plaintiffs have "not filed a motion to

Substitute a proper party for Alfred Felice within the ninety

(90) days of filing of the Notice," pursuant to Fed. R. Civ. P.

25(a). (*Id.*)

Subsequently, on September 21, 2012, Attorney Meade filed a

reply to the motions to substitute. Attached to the reply is the

affidavit of Jon B. Felice, son of Alfred Felice. In his

affidavit, Jon Felice avers

> 3. That on or about May 25, 2012, Alfred Felice,
> my father, passed away by accidental drowning.
>
> 4. The property located at Cowpet Bay West
> Condominium No. 27, St. Thomas, Virgin Islands
> (the "Property") was co-owned by Alfred Felice and
> his wife Rosemary Felice.
>
> 5. Alfred and Rosemary Felice acquired the
> Property at the same time.
>
> 6. Alfred and Rosemary Felice both had title to
> the Property.
>
> 7. Alfred and Rosemary Felice each owned an equal
> share of the Property.
>
> 8. Alfred and Rosemary Felice each had an equal
> right to possess the Property.
>
> 9. On my fathers [sic] death his entire interest
> in the Property passed to Rosemary Felice, without
> going through probate.
>
> 10. Alfred Felice had no possessions or assets and
> therefore no estate has been, or will be, probated
> for him and no personal representative exists, or
> will be appointed for him.

(Aff. of Jon B. Felice, Civil No. 2012-24, ECF No. 70-1.)

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 8

On February 27, 2013, the Court ordered that the parties show cause at a hearing on March 1, 2013, why the claims asserted against Alfred Felice should not be dismissed for failure to comply with Fed. R. Civ. P. 25.

During the March 1, 2013, hearing, Attorney Meade represented to the Court that Alfred Felice had no will and that Felice's estate had not been probated.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 25 provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 *and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner*. Service may be made in any judicial district.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 9

Fed. R. Civ. P. 25(a) (emphasis added).

### III. <u>ANALYSIS</u>

In deciding the plaintiffs' motions to substitute, the Court must first address the issue of whether the plaintiffs' claims against Alfred Felice were extinguished pursuant to Fed. R. Civ. P. 25(a)(1) after Felice's death.[2] *Giles v. Campbell*, 698 F.3d 153, 155 (3d Cir. 2012). To the extent that the claims survive, the Court must address whether it has personal jurisdiction over Alfred Felice's successors in interest to the extent such successors were not served by either plaintiff pursuant to Fed. R. Civ. P. 4, as required by Fed. R. Civ. P. 25(a)(3). *Id.*

**A. Extinguishment**

"When a party to a lawsuit dies, the threshold consideration pursuant to Rule 25(a)(1) is whether the claim is extinguished." *Giles*, 698 F.3d at 155-56. The claims asserted against Felice include a claim pursuant to Section 3617 of the FHAA, a claim for intentional infliction of emotional distress, a claim for conspiracy, and a claim for prima facie tort.

---

[2] Because Attorney Meade's ostensible "Notice of Death" was not served on Felice's personal representative or successor in interest in accordance with Rule 25, the 90 day substitution period has not yet been invoked. Fed. R. Civ. P. 25(a)(1). As such, the plaintiffs' motions to substitute are timely. *Id.*

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 10

At its core, the Fair Housing Act protects an individual's civil rights. Neither the Fair Housing Act nor its amendments contain any specific provision explaining whether an FHAA lawsuit against a party is extinguished when that party dies. Rule 25 provides no guidance on the survival of such an action either, as it "simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n. 3, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1978) (quoting *Shaw v. Garrison*, 545 F.2d 980, 982 (5th Cir. 1977)). Rather, where, as here, laws promulgated for the protection of civil rights that

> are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C.A. § 1988 (West).

There is no Third Circuit precedent which directly addresses survivorship of claims under the FHA or FHAA. Other circuits, however, have generally addressed the issue of

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 11

survivability. For instance, the U.S. Court of Appeals for the

First Circuit has provided some general guidance as to survival

of federal claims, explaining that

> The federal courts over the years have given a
> great deal of study to the general problem of
> survival . . . We see no occasion here to canvass
> the general problem again or to trace its gradual
> development. It will suffice for present purposes
> to say that it was authoritatively established
> many years ago in *Schreiber v. Sharpless*, . . .
> that 'At common law, actions on penal statutes do
> not survive* * * ', and that 'The right to proceed
> against the representatives of a deceased person
> depends, not on forms and modes of proceeding in a
> suit, but on the nature of the cause of action for
> which the suit is brought', in other words
> 'Whether an action survives depends on the
> substance of the cause of action, not on the forms
> of proceeding to enforce it.'

*Kirk v. C.I.R.*, 179 F.2d 619, 620 (1st Cir. 1950) (citing *Ex

parte Schreiber*, 110 U.S. 76, 80 (1884)). The Eleventh Circuit

has explained that

> resolution of the survivability issue depends on
> whether the recovery is deemed "remedial" or
> "penal." A remedial action is one that compensates
> an individual for specific harm suffered, while a
> penal action imposes damages upon the defendant
> for a general wrong to the public. *See In re Wood*,
> 643 F.2d 188, 190-91 (5th Cir. 1980). *It is well-
> settled that remedial actions survive the death of
> the plaintiff, while penal actions do not.*
> *Schreiber v. Sharpless*, 110 U.S. 76, 80, 3 S.Ct.
> 423, 424, 28 L.Ed. 65 (1884); *Kilgo v. Bowman
> Transp., Inc.*, 789 F.2d 859, 876 (11th Cir. 1986);
> *James*, 621 F.2d at 730.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 12

*United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993).

The Sixth Circuit, in *Murphy v. Household Finance Corp.*, 560

F.2d 206 (6th Cir. 1977), outlined the factors for determining

whether an action is remedial or penal.

> Three factors in particular deserve attention: 1)
> whether the purpose of the statute was to redress
> individual wrongs or more general wrongs to the
> public; 2) whether recovery under the statute runs
> to the harmed individual or to the public; and 3)
> whether the recovery authorized by the statute is
> wholly disproportionate to the harm suffered.

*Murphy*, 560 F.2d at 209 (citing *Huntington v. Attrill*, 146 U.S.

657, 666-69 (1892)).

Applying those factors here, the Court first notes that the

purpose of the FHA, passed by Congress as Title VIII of the

Civil Rights Act of 1968, is to ensure fair housing throughout

the United States. 42 U.S.C.A. § 3601. The FHA prohibits housing

discrimination on the basis of, inter alia, race, gender, and

national origin. 42 U.S.C. § 3601, et seq. Congress passed the

FHAA in 1988 to extend the coverage of the FHA to include people

with disabilities. Pursuant to the FHAA, it is unlawful

> To discriminate against any person in the terms,
> conditions, or privileges of sale or rental of a
> dwelling, or in the provision of services or
> facilities in connection with such dwelling, because
> of a handicap of-
>
> (A) *that person*; or

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 13

> (B)  a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or
>
> (C)  any person associated with that person.

42 U.S.C. § 3604(f)(2) (emphasis added). The FHA contains a provision for relief to a plaintiff

> (1)  In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, *the court may award to the plaintiff actual and punitive damages*, and subject to subsection (d) of this section, may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

42 U.S.C.A. § 3613 (c)(1) (West) (emphasis added).

The Fifth Circuit has examined the purpose of the FHAA, explaining that

> In response to a history of national discrimination against *individuals* with disabilities, Congress enacted the FHAA in 1988. The purpose of the Act was to prohibit discrimination in the national housing market for handicapped *individuals*.

*Groome Res. Ltd., L.L.C. v. Parish of Jefferson*, 234 F.3d 192, 200-01 (5th Cir. 2000).

The Court agrees with the Fifth Circuit's assessment. Indeed, the plain language of the statute is replete with

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 14

references to the singular complainant. *See, e.g.*, 42 U.S.C.A. §
3604 (f)(1)(A) ("it shall be unlawful-- . . . [t]o discriminate
in the sale or rental, or to otherwise make unavailable or deny,
a dwelling *to any buyer or renter* because of a handicap of--
*that buyer or renter*. . .") (emphasis added). Significantly,
there are few if any references in the statute to generalized
wrongs to the public. *See generally* 42 U.S.C.A. § 3614
("Whenever the Attorney General has reasonable cause to believe
that any . . . group of persons has been denied any of the
rights granted by this subchapter and such denial raises an
issue of general public importance, the Attorney General may
commence a civil action in any appropriate United States
district court."). As such, the Court finds that the "purpose"
factor weighs in favor of classifying an FHAA action as
"remedial."

     The Court's consideration of whether recovery under the
statute runs to the harmed individual or the general public also
reveals the remedial nature of the FHAA's provisions. Recovery
under the FHAA runs to a plaintiff as compensation for damages.
*See* 42 U.S.C.A. § 3613 (c)(1) (explaining that "the court may
award *to the plaintiff* actual and punitive damages . . .").
There is no indication in the statute that a court may award

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 15

damages under the FHAA to the benefit of the general public. As such, this factor weighs in favor of a finding that the FHAA is remedial rather than penal.

Finally, there is no indication that the recovery authorized by the FHAA is *wholly* disproportionate to the harm suffered by an FHAA plaintiff. Indeed, the statute allows a court to award actual damages, which would be directly proportionate to a plaintiff's damages. 42 U.S.C.A. § 3613 (c)(1). Though the statute also permits a court to award punitive damages, which are considered a form of punishment, such damages may not be awarded "absent an actual damages award." *Louisiana ACORN Fair Housing v. LeBlanc*, 211 F.3d 298 (5th Cir. 2000) (holding limited to FHA cases in which no compensatory damages of any kind are awarded). Because the FHAA allows a court to award actual damages and limits an award of punitive damages absent actual damages, the Court finds that the recovery authorized by the statute is not *wholly* disproportionate to the harm suffered by an FHAA plaintiff.

Based on the foregoing, the Court finds that the FHAA's provisions are remedial, not penal. Because the FHAA is remedial, a plaintiff's claims under the statute survive the

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 16

death of a defendant against whom such claims are asserted –

here, Felice.

The remaining claims against Felice, intentional infliction

of emotional distress, conspiracy, and prima facie tort, are

local in nature. As such, the Court must look to local law for

guidance as to survival of such claims. *Giles*, 698 F.3d at 156.

Virgin Islands law clearly provides for survival of such

claims. Indeed,

> A thing in action arising out of a wrong which
> results in physical injury to the person or out of
> a statute imposing liability for such injury shall
> not abate by reason of the death of the wrongdoer
> or any other person liable for damages for such
> injury, nor by reason of the death of the person
> injured or of any other person who owns any such
> thing in action. When the person entitled to
> maintain such an action dies before judgment, the
> damages recoverable for such injury may include
> loss of earnings and expenses sustained or
> incurred as a result of the injury may include
> damages for pain, suffering and disfigurement, or
> punitive or exemplary damages, or prospective
> profits or earnings after the date of death. The
> damages recovered shall form part of the estate of
> the deceased. Nothing in this section shall be
> construed as making such a thing assignable.

V.I. Code Ann. tit. 5, § 77 (2012). Virgin Islands law also

provides that

> Subject to the provisions of sections 76 and 77 of
> Title 5, causes of action by one person against
> another, *whether arising on contract or otherwise*,
> survive to the personal representatives of the

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 17

former and against the personal representatives of
the latter. . . .

V.I. Code Ann. tit. 15, § 601 (2012) (emphasis added).

Based on the foregoing, the Court finds that the
plaintiffs' claims against Felice were not extinguished by
Felice's death.

**B. Personal Jurisdiction**

Now the Court will turn to the question of whether it has
personal jurisdiction over Felice's representative or successor.

Rule 25(a)(3) requires that both the motion to substitute
and the suggestion of death be served pursuant to Rule 5 for
parties and pursuant to Rule 4 for nonparties. Felice's
successor, whoever that may be, is a nonparty to the plaintiffs'
lawsuits. As such, Felice's successor must have been served
pursuant to Rule 4. *Giles*, 698 F.3d at 158.

In *Giles v. Campbell*, 698 F.3d 153 (3d Cir. 2012), Wardell
Giles, a state prisoner, filed a civil rights action against
various correctional officers alleging excessive force and
deliberate indifference. While the action was pending in the
district court, Gary Campbell, one of the defendant corrections
officers, died. Thereafter, on October 22, 2009, the Delaware
Department of Justice (the "Government") (representing Campbell
and the other defendants) filed a suggestion of death on the

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 18

record. The suggestion of death notified the district court that
Campbell had died in July of 2006. On December 14, 2009, Giles
filed a motion to substitute Wendy Selby, the administratrix of
Campbell's estate as a defendant pursuant to Rule 25(a). Neither
the suggestion of death nor the motion to substitute was served
on Campbell's estate. The district court judge denied Giles's
motion to substitute, holding that Giles's claim against
Campbell was extinguished. Giles appealed to the U.S. Court of
Appeals for the Third Circuit.

On appeal, the Third Circuit found that Giles's claims
against Campbell were not extinguished. The Circuit then turned
to the question of whether the trial court had personal
jurisdiction over Campbell's estate. In undertaking its
analysis, the Third Circuit looked to its decision in *Bass v.
Attardi*, 868 F.2d 45 (3d Cir. 1989).

> In *Bass*, a defendant (Carr) died during the
> pendency of the litigation and the attorney who
> had represented Carr contended that he continued
> to represent him. *Id*. at 50 n. 12. The attorney in
> Bass filed a suggestion of death on behalf of Carr
> (and another deceased defendant), and argued that
> the case against Carr should be dismissed because
> the plaintiff did not timely move to substitute
> the defendant's estate. *Id*. We rejected the
> attorney's arguments at the outset, because
> "[c]ounsel's attorney-client relationship with
> Carr ceased at Carr's death." *Id.; see also Fariss
> v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir.
> 1985) ("The attorney's agency to act ceases with

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 19

> the death of his client ... and he has no power to
> continue or terminate an action on his own
> initiative."). We concluded our analysis by noting
> that the suggestion of death "was deficient
> because the suggestion was not served on the
> decedents' successors or representatives as
> required by Fed. R. Civ. P. 25(a)." 868 F.2d at 50
> n. 12.

*Giles*, 698 F.3d at 158. Guided by its holding in *Bass*, the *Giles*

court held that

> the Government's representation of Campbell ended
> when he died. We note that there is no evidence
> that the Government thereafter began representing
> Campbell's estate. *Accordingly, the parties were
> required to—and failed to—serve Campbell's estate
> pursuant to Rule 4. We hold that the District
> Court lacked personal jurisdiction over the
> estate. See Ayres v. Jacobs & Crumplar, P.A.*, 99
> F.3d 565, 570 (3d Cir. 1996) (holding that
> personal jurisdiction is not conferred if service
> under Rule 4 is not properly effected); *Ransom*,
> 437 F.2d at 519 (same).

*Giles*, 698 F.3d at 158 (emphasis added). "Because neither the

Government nor Giles served the estate pursuant to Rule 4," the

court treated the motion to substitute and the suggestion of

death as "nullities" and concluded that the trial court "lacked

personal jurisdiction over the estate." *Giles*, 698 F.3d at 159

(citing *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir.

2008)). As such, the Giles court vacated the trial court's

denial of Giles's motion to substitute and remanded "for Giles

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 20

to have an opportunity to refile his motion to substitute and serve the estate." *Id*.

Here, the plaintiffs assert that Felice's widow, Rosemary Felice, should be substituted as Felice's successor in interest.

There is no indication in the record that the motion to substitute was served on Rosemary Felice. In fact, there is no indication in the record that the plaintiffs' motion was served on any potential personal representative or successor in interest to Felice. Though Attorney Meade was counsel for Felice before Felice's death, there is no indication on the record that Attorney Meade began to represent Felice's estate or successor in interest after Felice's death. As such, Attorney Meade's representation of Felice ended when Felice died. *See, e.g., Giles*, 698 F.3d at 158 (holding that the representation of the deceased defendant's attorney ended when the deceased defendant died.) Because the plaintiffs were required to, yet failed to serve Felice's successor in interest, the Court lacks personal jurisdiction over such successor. *See id*. at 158-159.

The premises considered, it is hereby

**ORDERED** that the motions to substitute are **DENIED**; and it is further

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 21

     **ORDERED** that the plaintiffs shall, to the extent they wish to do so, have leave to file and serve motions to substitute until June 28, 2013, the failure of which may result in the dismissal of all claims asserted against Alfred Felice.


                                        S\_____
                                              **Curtis V. Gómez**
                                                **Chief Judge**