DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| BARBARA WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2012-24 |
| | ) | |
| COWPET BAY WEST CONDOMINIUM | ) | |
| ASSOCIATION; THE BOARD OF THE | ) | |
| COWPET BAY WEST CONDOMINIUM | ) | |
| ASSOCIATION; ED WARDWELL, MAX | ) | |
| MARCOURT; BILL CANFIELD, ROSIE | ) | |
| WELLS, SHARON KOEHLER, DOUG | ) | |
| REBAK and HERB HORWITZ as Board | ) | |
| members; MAX HARCOURT, in his | ) | |
| personal capacity; LANCE | ) | |
| TALKINGTON; ALFRED FELICE, | ) | |
| ROBERT COKAYNE, and VINCENT | ) | |
| VERDIRAMO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| JUDITH KROMENHOEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2012-25 |
| | ) | |
| COWPET BAY WEST CONDOMINIUM | ) | |
| ASSOCIATION; THE BOARD OF THE | ) | |
| COWPET BAY WEST CONDOMINIUM | ) | |
| ASSOCIATION; ED WARDWELL, MAX | ) | |
| MARCOURT; BILL CANFIELD, ROSIE | ) | |
| WELLS, SHARON KOEHLER, DOUG | ) | |
| REBAK and HERB HORWITZ as Board | ) | |
| members; MAX HARCOURT, in his | ) | |
| personal capacity; LANCE | ) | |
| TALKINGTON; ALFRED FELICE, | ) | |
| ROBERT COKAYNE, and VINCENT | ) | |
| VERDIRAMO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Memorandum Opinion and Order
Page 2

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
Law Office of Karin Bentz, P.C.
St. Thomas, VI
    *For Barbara Walters and Judith Kromenhoek,*

**Joseph G. Riopelle, Esq.**
Boyd Richards Parker & Colonnelli
Tampa, FL
**Carl R. Williams, Esq.**
**Richard P. Farrelly, Esq.**
Birch, Dejongh & Hindels
St. Thomas, VI
    *For Cowpet Bay West Condominium Association, Ed Wardwell,*
    *Max Harcourt, Bill Canfield, Rosie Wells, Sharon Koehler,*
    *Doug Rebak, Robert Cockayne, Vincent Verdiramo, and Herb*
    *Horwitz,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, VI
    *For Lance Talkington,*

**Ryan C. Meade, Esq.**
Quintairo, Prieto, Woo & Boyer, P.S.
Miami, FL
    *For Alfred Felice.*

<u>**ORDER**</u>

**GÓMEZ, J.**

    Before the Court are several motions by certain defendants
("the movants") to dismiss Walters v. Cowpet Bay West
Condominium Association, et al., Civil No. 2012-24, and
Kromenhoek v. Cowpet Bay West Condominium Association, et al.,
Civil No. 2012-25. The complaints in both cases are

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Memorandum Opinion and Order
Page 3

substantially identical and involve many common questions of law and fact. Pursuant to Fed. R. Civ. P. 42, the two cases will be joined for the specific purpose of resolving the pending motions to dismiss. This Order applies to both complaints.

To survive a motion to dismiss, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Memorandum Opinion and Order
Page 4

the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). The Court, in considering if there are facts in the Complaint sufficient to show plausible entitlement to relief, disregards any allegations in the Complaint which are merely "labels and conclusions [or] a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

"Generally, a district court may not consider matters outside the Complaint when ruling on a motion to dismiss." *Cerome v. Moshannon Valley Corr. Center*, 2010 U.S. App. LEXIS 24938, at *9 (3d Cir. 2010). Under Rule 12(d), if, on a motion under Rule 12(b)(6), matters outside of the pleadings are presented to and not excluded by the court, the motion must generally be treated as one for summary judgment under Rule 56. *Id.* "However, 'an exception to the general rule is that a document *integral to or explicitly relied upon* by the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.'" *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotations omitted); *see also In re Trump*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Memorandum Opinion and Order
Page 5

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (internal citations and quotations omitted).

Applying the standard outlined above, the Court finds that Walters and Kromenhoek have failed to state a claim on which relief can be granted with respect to Counts Nine (Negligence and IIED), Ten, Eleven, Twelve, Sixteen, and Eighteen. The Court futher finds that it would be futile to grant leave to amend Counts Nine (Negligence), Eleven, and Twelve.

The premises considered, it is hereby

**ORDERED** that the motions to dismiss are **GRANTED IN PART and DENIED IN PART**; it is further

**ORDERED** that the motion to dismiss Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine (IIED), Ten, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen, is **DENIED**; it is further

**ORDERED** that the motion to dismiss Counts Nine (Negligence), Eleven, and Twelve, is **GRANTED**; it is further

**ORDERED** that Walters shall, no later than April 14, 2014, amend Counts Nine (IIED), Ten, Sixteen, and Eighteen, of her Complaint; it is further

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Memorandum Opinion and Order
Page 6

**ORDERED** that, if Walters fails to amend Counts Nine (IIED), Ten, Sixteen, and Eighteen, of her Complaint, those Counts may be dismissed for failure to state a claim on which relief may be granted; it is further

**ORDERED** that Kromenhoek shall, no later April 14, 2014, amend Counts Nine (IIED), Ten, Sixteen, and Eighteen, of her Complaint; it is further

**ORDERED** that, if Kromenhoek fails to amend Counts Nine (IIED), Ten, Sixteen, and Eighteen, of her Complaint, those Counts may be dismissed for failure to state a claim on which relief may be granted.

The Court will issue a memorandum opinion in the coming weeks outlining the reason for this ruling.

S\_____
            **Curtis V. Gómez**
            **District Judge**