IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DISTRICT OF ST. THOMAS AND ST. JOHN
*******************

| | |
|---|---|
| BARBARA WALTERS, | CIVIL NO. 12-00024 |
| Plaintiff, | Action for: Housing Discrimination; Discrimination Based on Disability; Invasion of Privacy; Negligent Infliction of Emotional Distress Infliction of Emotional Distress; Punitive Damages; and Injunctive and Declaratory Judgment |
| v. | |
| COWPET BAY WEST CONDOMINIUM ASSOCIATION; THE BOARD OF THE COWPET BAY WEST CONDOMINIUM ASSOCIATION; MAX HARCOURT, in his personal capacity; ALFRED FELICE; LANCE TALKINGTON; ROBERT COCKAYNE; VINCENT VERDIRAMO, | JURY TRIAL DEMAND |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MAX HARCOURT (DECEASED) UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S COUNTER-STATEMENTS OF FACTS

**COMES NOW** the Plaintiff, **BARBARA WALTERS** ("Plaintiff") and by and through the undersigned counsel, the **LAW OFFICES OF KARIN A. BENTZ, P.C.** (Karin A. Bentz, Esq., and Julita K. de León, Esq.) and submits her brief in response to Defendant Max Harcourt ("Harcourt") statement of undisputed facts in support of their summary judgment motion, pursuant to Rule 56.1 of the Local Rules of Civil Procedure.

Rule 56.1 permits a party opposing a summary judgment motion to submit, inter alia, a "concise statement of any additional facts that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried." For ease of reference, Plaintiff has referenced the corresponding paragraphs of Defendants' statement of undisputed facts as ("SOF") where appropriate. Additionally, Plaintiff has also referenced Plaintiff's Counter Statement of Facts ("CSOF") where appropriate.

I. Plaintiff's Response to Harcourt's Undisputed Material Facts.

    1. Disagrees.

| | |
|---|---|
| *Barbara Walters v. Cowpet Bay West Condominium Ass'n.* <br> Plaintiff's Response to Defendant Max Harcourt's Undisputed Material Facts <br> and Plaintiff's Counter-Statement of Facts | Civil No. 12/00024 <br><br> Page 2 |

2. Disagrees.

3. Agrees.

4. Agrees.

5. Disagrees.

6. Agrees.

7. Agrees.

8. Disagrees.

9. Disagreed. Defendant wrote a letter.

10. Disagrees.

11. Disagrees.

12. Agrees.

13. Disagrees.

14. Disagrees.

15. Disagrees.

16, Agrees.

## II. Plaintiff's Counter Statement of Facts

1. Plaintiff Barbara Walters owns and resides at a condo at Cowpet Bay West on the east side of St. Thomas. (Exhibit. 1. Second Amended Compl. §1).

2. A licensed psychologist wrote a letter stating that he was treating Plaintiff and that she was diagnosed with Anxiety Disorder, citing the DSM-IV. He further explained that Plaintiff had "severe limitations" in coping with stress and anxiety that most people would consider "normal day to day events." He went on to state that he has prescribed the use of an emotional support animal, dog or other, to alleviate her symptoms and that such emotional support animal was necessary. In conclusion, he states that pursuant to the Fair Housing Act, Plaintiff is qualified to keep her emotional support animal despite a policy prohibiting

*Barbara Walters v. Cowpet Bay West Condominium Ass'n.*      Civil No. 12/00024
Plaintiff's Response to Defendant Max Harcourt's Undisputed Material Facts
and Plaintiff's Counter-Statement of Facts      Page 3

pets in her housing. On that same day, the National Service Animal Registry issued a certification that Plaintiff was allowed to keep her emotional support animal even if there is a policy prohibiting pets. (**Exhibit 2.** ***Letter from Dr. Sheena Walker***).

3. In 2011, the By-laws of the Cowpet Bay West Condominium Association did not prohibit dogs. ( **Exhibit 3.** ***Bylaws***).

4. The Rules and Regulations of the Board prohibited dogs on the premises. ( **Exhibit 4.** ***Rules and Regulations***).

5. In July of 2011, Plaintiff submitted an application for a reasonable accommodation to keep Oliver, her emotional support dog on the premises. Because Cowpet Bay West did not have a formal application process, Plaintiff submitted a copy of a letter from her doctor and the dog's certification. (Exhibit 2)

6. At the time submitted her request for a reasonable accommodation, the Association had no written policy in place for processing a reasonable-accommodation request, although it had a NO DOG RULE IN place for at least fifteen (15) years. (Exhibit 4)

7. Louanne Schechter accepted the documents, placed them in Kromenhoek's file and discussed Kromenhoek's request with Jon Cassady, Louanne Schechter's immediate supervisor. (Exhibit 2)

8. Schechter filed and discussed Walters's application with Jon Cassady, Schechter's immediate supervisor. (Id.)

9. Jon Cassady discussed Kromenhoek application with Max Harcourt; and Harcourt subsequently came to the Association's Office to review Kromenhoek's documents. (Id.)

10. Harcourt sent his representative, Bob Canfield, a member of the Board, to review the documents as well. (Id.)

11. There was widespread opposition to having dogs on the premises by members of the Board. (Id.) All of the blog posts related to the dog issues at Cowpet are attached as Exhibit 5.

12. In his first blog post relating to "dogs" on the premises, Talkington, on September 27, 2011,

*Barbara Walters v. Cowpet Bay West Condominium Ass'n.*  Civil No. 12/00024
Plaintiff's Response to Defendant Max Harcourt's Undisputed Material Facts
and Plaintiff's Counter-Statement of Facts   Page 4

stated that " at least three owners... have been seen with dogs that are either living in condos or are being entertained by an owner walking them on the property." He goes on to point out that two of the dog owners are present and past Board members. Talkington called for the members of the Association to amend the Association's by-laws to "eliminate any confusion over possible exceptions to the general rule" of no dogs. (Id)

13. In response to increasing attacks by both Talkington and Felice on the blog regarding the requests for a reasonable accommodation, Kromenhoek explained that they were not violating the law or the rules. Walters stated that she has a disability and is afforded protection under the FHA. (Exhibit 8)

14. Harcourt and other members of the Board improperly shared the content of the Kromenhoek's applications with Talkington. (Id.)

15. Susan Anderson, a Board member, wrote an email complaining that she saw Kromenhoek walking a dog and assumed that she was walking the dog for somebody else "because Judith Kromenhoek does not appear to be disabled." (Id.)

16. The prevailing attitude shared most of the Board members was that Walters and Kromenhoek were not disabled because there was no visible evidence of their disability. (Id.)

17. Notwithstanding the objections to providing Talkington with private and personal information, on October 28, 2011, Harcourt emailed a letter to Kromenhoek and copied Talkington. Harcourt wrote as President of the Board and falsely accused Walters of violating the NO DOGS RULE "because they have not applied for an exception to the no dog rule." Harcourt also acknowledged in that same letter that both Walters and Kromenhoek had "papers for service dogs pending in the office." Contradicting himself, Harcourt ordered Kromenhoek to apply and submit documentation for a waiver and threatened to levy a monetary fine if they did not take up his offer. (Id.)

18. Talkington posted the entire letter on the blog in his October 30, 2011 post. (Id)

19. In an October 27, 2011, email, Plaintiff wrote to the entire Board informing them that she

*Barbara Walters v. Cowpet Bay West Condominium Ass'n.*  Civil No. 12/00024
Plaintiff's Response to Defendant Max Harcourt's Undisputed Material Facts
and Plaintiff's Counter-Statement of Facts                                Page 5

had paperwork on file in the Condo office. Plaintiff also reiterated her request that her medical information be kept confidential and expressed concern that her medical information might appear on Talkington's blog. (Id)

20. During the January 11, 2012 Board meeting, Cockayne distributed information about service dog certification naming businesses that have no requirements for service dog certification. Cockayne also circulated copies of Kromenhoek's dog certification. (Exhibit 6).

21. In December of 2011, Vincent Verdiramo, a board member, informed at least 99 members of the Association that he had advised the Board about the requirements of the FHA and emotional support dogs. (Exhibit 5).

22. On January 15, 2012, Donna LaScola voiced concern that the Association may be getting into legal trouble with all the blog posts and emails regarding Walters's and Kromenhoek's service animals. (Exhibit 7).

23. On January 17, 2012, ever dutiful to Talkington, Harcourt emailed Talkington informing him that the Board had received a letter from one of the owners stating the owner had filed a complaint. Therefore the Board was retaining counsel. (Exhibit 8).

24. On January 17, 2012, Walters received letters from the Board informing her that she was in violation of the no dogs rule and would be fined. (Exhibit 10)

25. Kromenhoek no longer felt comfortable at her condo because of the constant harassment and publication of her private information on the internet caused her to suffer extreme emotional distress. (Exhibit 9: Depo: Dr. Walker: 75: 1-25; 76: 1-5).

26. Talkington characterizes Walters and Kromenhoek as "playground bullies" and accused them of making a mockery of the Board. He then calls on the Association to "go on the offensive" and file suit against Walters and Kromenhoek stating "when these ladies start spending their own cash instead of relying on the government for free help, the rubber will meet the road on how far everyone is willing to go." In closing, Talkington implores the Board to take Walters and Kromenhoek to court. (Exhibit 5)

*Barbara Walters v. Cowpet Bay West Condominium Ass'n.*  Civil No. 12/00024
Plaintiff's Response to Defendant Max Harcourt's Undisputed Material Facts
and Plaintiff's Counter-Statement of Facts   Page 6

27. Talkington characterizes Kromenhoek and Walters as "playground bullies" and accused them of making a mockery of the Board. He then calls on the Association to "go on the offensive" and file suit against Kromenhoek and Barbara Walters stating "when these ladies start spending their own cash instead of relying on the government for free help, the rubber will meet the road on how far everyone is willing to go." In closing, Talkington implores the Board to take Kromenhoek and Walters to court. (Id.)

28. In a January 5, 2012 blog, Talkington accused Walters of being CB Lawton, a person who blogged about having dogs on the premises. Talkington asserted in his blog post that Walters was CB Lawton citing as evidence Walters's refusal to respond to questions about "why it is OK for her to have a dog." Talkington says she should "either stand up and face the owners or quietly slide into the sunset." (Id).

Respectfully submitted,

**LAW OFFICES OF KARIN A. BENTZ, P.C.**

Dated: May 21, 2014    /s/Karin A. Bentz
**KARIN A. BENTZ, ESQ. (VI Bar #413)**
**JULITA K. de LEÓN, ESQ. (VI Bar #913)**
5150 Dronningens Gade, Suite 8
St. Thomas, Virgin Islands 00802
Telephone: 340-774-2669
Telecopier: 340-774-2665
E-mail: kbentz@virginalaw.com

*Barbara Walters v. Cowpet Bay West Condominium Ass'n.*  
Plaintiff's Response to Defendant Max Harcourt's Undisputed Material Facts  
and Plaintiff's Counter-Statement of Facts

Civil No. 12/00024

Page 7

## CERTIFICATE OF SERVICE

I hereby certify that I caused the filing and service of the foregoing with the Clerk of the District Court of the Virgin Islands using the CM/ECF system, which will provide electronic notice by email to the following.

    Richard P. Farrelly, Esq.  
    Birch de Jongh & Hindels, PLLC  
    1330 Taarneberg  
    St. Thomas, VI 00802  
    E-mail: rfarrelly@bdhlawvi.com

    John H. Benham, III, Esq.  
    Benham & Chan  
    P.O. Box 11720  
    St. Thomas, Virgin Islands 00801  
    Tel: 340-774-0673  
    Fax: 340-776-3630  
    email: benham@bclawvi.com

    Joseph G. Riopelle, Esq.  
    Boyd Richards Parker & Colonnelli, P.L.  
    Rivergate Tower Suite 1150  
    400 N. Ashley Drive  
    Tampa, Fl. 33602  
    jriopelle@boydlawgroup.com

    Ryan S. Meade, Esq.  
    Quintairos, Prieto, Wood & Boyce, P.A.  
    9300 South Dadeland Blvd., 4th Floor  
    Miami, Fl 33156  
    rmeade@gpwblaw.com

                                         /s/ Karin A. Bentz