IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| BARBARA WALTERS, | ) | |
| | ) | CASE NO. ST-12-CV-00024 |
| Plaintiff, | ) | |
| | ) | Action for: Housing |
| vs. | ) | Discrimination; |
| COWPET BAY WEST CONDOMINIUM | ) | Discrimination Based on |
| ASSOCIATION; THE BOARD OF THE | ) | Disability; Invasion of |
| COWPET BAY WEST CONDOMINIUM | ) | Privacy; Negligent |
| ASSOCIATION; MAX HARCOURT, in | ) | Infliction of Emotional |
| his personal capacity; ALFRED | ) | Distress; Intentional |
| FELICE; LANCE TALKINGTON; | ) | Infliction of Emotional |
| ROBERT COCKAYNE; VINCENT | ) | Distress; Punitive |
| VERDIRAMO | ) | Damages; and Injunctive |
| Defendants. | ) | and Declaratory Judgment |
| _____ | ) | |

**DEFENDANT LANCE TALKINGTON'S OPPOSITION TO MOTION TO SUBSTITUTE LIANA WALTERS REVOCK AS BARBARA WALTERS' PERSONAL REPRESENTATIVE AND/OR HER SUCCESSOR IN INTEREST**

COMES NOW Defendant Lance Talkington ("Talkington"), by his attorneys Benham & Chan, and here states his Opposition to the Motion to Substitute Liana Walters Revock as Barbara Walters' Personal Representative and/or Her Successor in Interest ("Motion to Substitute", Doc. No. 201).

I.   **Introduction and Summary**

The Plaintiff Barbara Walters died on April 22, 2014.  Counsel for Plaintiff has now moved to substitute Barbara Walters' daughter, Liana Walters Revock, in her stead as Plaintiff.  This motion should be denied because:

- Liana Walters Revock cannot substitute as a party merely because she is the daughter of the deceased Plaintiff;

- the Plaintiff's claims based on local law do not survive her death; and

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 2

_____

        - the Plaintiff's claim of a violation of the federal Fair
Housing Act Amendments does not survive her death.

This Court should deny the motion for substitution.

**II.   Analysis and Argument**

**A.   Liana Walters Revock cannot substitute as the Plaintiff unless
      she has been appointed as a representative of the Estate of
      Barbara Walters.**

        The motion to substitute states that Barbara Walters'
"daughter, Liana Walters Revock", is her sole heir and personal
representative". *Motion to Substitute at 1.* The motion provides
no information as to whether an estate has been opened, if so where
the estate is pending, or whether Liana Walters Revock ("Revock")
is the executrix, administratrix or otherwise the "personal
representative" of Barbara Walters' estate. Assuming, *arguendo*,
that Revock is Barbara Walters' daughter and sole heir, that is
does not allow her to substitute as a party in this action. Mere
kinship is an insufficient basis to substitute as a plaintiff.
*Roberson v. Wood*, 500 F.Supp. 854, 859 (S.D.Ill. 1980). Federal
Rule of Civil Procedure 25(a) "clearly contemplates appointment of
legal representatives, such as an executor or an administrator".
*Id.* Revock cannot substitute as the plaintiff as she is not a
legal representative of the estate of Barbara Walters.

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 3

---

**B.    The claims in the Second Amended Complaint based on Virgin Islands law do not survive the death of Barbara Walters.**

At common law all causes of action for personal tort abated upon the death of either the plaintiff or the defendant. *Farrington v. Benjamin*, 100 F.R.D. 474, 475 (D.V.I. 1984); *see also Restatement (Second) of Torts §900(1)(a)*(a cause of action for a tort may be discharged by the death of either party, in the absence of a statute providing for survival of the cause of action). That rule of the common law has been altered by statute in the Virgin Islands. The Virgin Islands survival statute states as follows:

Survival of tort actions

> A thing in action <u>arising out of a wrong which results in physical injury to the person</u> or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action. When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury may include loss of earnings and expenses sustained or incurred as a result of the injury may include damages for pain, suffering and disfigurement, or punitive or exemplary damages, or prospective profits or earnings after the date of death. The damages recovered shall form part of the estate of the deceased. Nothing in this section shall be construed as making such a thing assignable.

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 4

_____

5 V.I.C. § 77 (emphasis added).  Barbara Walters' Second Amended

Complaint alleges the following causes of action based on Virgin

Islands law against Lance Talkington:[1]

- Count X - Conspiracy to Commit an Unauthorized Act ;

- Count XIII - Negligent and/or Intentional Infliction of
  Emotional Distress;

- Count XV - Invasion of Privacy: Public Disclosure of
  Private Facts;

- Count XVI - Invasion of Privacy: False Light; and

- Count XVII - Invasion of Privacy.

Nowhere in the above counts, nor anywhere else in the pleading,

does Barbara Walters allege any "physical injury" to her person.

Accordingly, these claims are subject to the Virgin Islands

survival statute, and have been discharged by the death of Barbara

Walters.

In a previous ruling in this case, the Court addressed whether

the claims of Barbara Walters against Defendant Alfred Felice were

discharged by Felice's death.  *Order, June 14, 2013, Document No.*

*116.*  In that ruling this Court held, without analysis, that the

claims based on Virgin Islands law survived Felice's death.  *Id. at*

*16-17.*  In making that ruling this Court quoted the Virgin Islands

tort survival statute, but made no reference to that statute's

_____

1.   These are the claims remaining after this Court's ruling of
March 31, 2014 on the Defendants' motions to dismiss. *Document No.*
*168.*

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 5
_____

language limiting survival of tort claims to those claims resulting
in "physical injury to the person".   That previous ruling also
quoted a portion of the Virgin Islands probate code, which states
as follows:

> Survival of actions
>
> <u>Subject to the provisions of sections 76 and 77 of Title
> 5</u>, causes of action by one person against another,
> whether arising on contract or otherwise, survive to the
> personal representatives of the former and against the
> personal representatives of the latter. When the cause of
> action survives, as herein provided, the executors or
> administrators may maintain an action thereon against the
> party against whom the cause of action accrued, or, after
> his death, against his personal representatives.

*15 V.I.C. §601* (emphasis added). To the extent that this portion of
the Virgin Islands probate code purports to act as a general
survival statute applicable to all causes of action, it is
expressly "subject to" the provisions of the Virgin Islands
wrongful death statute (section 76) and survival of tort actions
statute (section 77).

The phrase "subject to" is not defined by statute.   However,
when construing a statute of the Virgin Islands, the Virgin Islands
legislature has directed that "[w]ords and phrases shall be read
with their context and shall be construed according to the common
and approved usage of the English language".   *1 V.I.C. §42.*   The
phrase "subject to" is commonly defined as meaning "subordinate,
subservient, inferior, obedient to; governed or affected by,..."
*Black's Law Dictionary 1594 (4th ed. 1968); see also Flower v.*

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 6

---

*Billerica,* 324 Mass. 519, 522, 87 N.E.2d 189 (1949) ("The words 'subject to,' used in their ordinary sense, mean 'subordinate to,' 'subservient to,' or 'limited by"). The general survival provision contained in the Virgin Islands probate code must be read in its entirety, meaning that the general survival language is "subject to" and subordinate to the specific language of the torts survival statute at section 77 of Title 5 Virgin Islands Code. The legislature intended that only personal tort actions resulting in "physical injury" will survive the death of the plaintiff. This reading of the statutory scheme is consistent with the commentary of section 900 of the *Restatement (Second) of Torts*, included at comment a to that section. This comment states, in relevant part:

> At early common law all causes of action for tort terminated on the death of either the tortfeasor or the injured party. As early as 1330, by statute an action could be maintained after the death of the owner for the taking of property that had diminished his estate. Aside from statute, a person who has obtained property from another since deceased is liable for its value, as also is his estate after his death, if suit is brought in a restitutionary action. In many states the early survival statute was accepted as part of the common law, and from the beginning the legislatures of the several states began to modify the common law by enacting statutes, so that today there are numerous statutes providing for survivorship after the death either of the tortfeasor or of the injured party for many kinds of tort claims involving both injury to things and injury to the person. <u>When exceptions from a general survival statute are made, they are usually for actions of defamation, malicious prosecution, criminal conversation and similar wrongs.</u>

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 7

_____

This Court has previously held that section 77 of Title 5 is "a
statute creating an exception to the general rule that personal
torts terminate at death". *Hall v. Hall,* 2013 WL 4128465, Case No.
3:11-cv-00054, slip op. August 9, 2013 at *5 (D.V.I. 2013). This
exception is limited to claims resulting in "physical injury to the
person."[2]  The general rule remains that personal torts terminate
at death.  None of the local law claims in the Second Amended
Complaint allege any physical injury was suffered by Barbara
Walters.  All of the local law claims of Barbara Walters against
Lance Talkington were discharged by the death of Barbara Walters.

**C.   Barbara Walters' claim against Lance Talkington alleging
violation of section 3617 of the federal Fair Housing Act
Amendments does not survive Walters' death.**

     This Court has previously held that Walters' claim against
Alfred Felice for violation of section 3617 of the federal Fair
Housing Act Amendments ("FHAA") survived the death of Felice.
*Order, June 14, 2013, Document No. 116 at 10-16.*  This Court,
applying federal common law, held that Walters' claims against
Felice were not extinguished by the death of Felice.  *Id.*  The

_____

2.   The *Restatement (Third) of Torts: Liability for Physical and
Emotional Harm* maintains a clear distinction between "physical
harm" and "emotional harm".  This most recent *Restatement* defines
"physical harm" as "the physical impairment of the human body
("bodily harm") or of real property or tangible personal property
("property damage"). Bodily harm includes physical injury, illness,
disease, impairment of bodily function, and death".  *Restatement
(Third) at §4.*
     On the other hand, "emotional harm" is defined as "impairment
or injury to a person's emotional tranquility".  *Id. at §45.*

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 8

_____

issue presented now is the reverse of that confronted earlier by
this Court - whether Walters' claim that Talkington violated
section 3617 was extinguished by Walters' death.  It is submitted
that federal common law is not applicable to this issue, and that
Walters' FHAA claim against Talkington was extinguished by her
death.

As noted by this Court in the Felice decision, there is no
Third Circuit precedent addressing survival of claims "under the
FHA or FHAA".  *Id. at 10.*  Instead, this Court's analysis was
guided by the language of Title 42 United States Code, section 1988
which states as follows:

> The jurisdiction in civil and criminal matters conferred
> on the district courts by the provisions of this chapter
> and Title 18, for the protection of all persons in the
> United States in their civil rights, and for their
> vindication, shall be exercised and enforced in
> conformity with the laws of the United States, so far as
> such laws are suitable to carry the same into effect; but
> in all cases where they are not adapted to the object, or
> are deficient in the provisions necessary to furnish
> suitable remedies and punish offenses against law, <u>the
> common law, as modified and changed by the constitution
> and statutes of the State wherein the court having
> jurisdiction of such civil or criminal cause is held, so
> far as the same is not inconsistent with the Constitution
> and laws of the United States, shall be extended to and
> govern the said courts in the trial and disposition of
> the cause</u>, and, if it is of a criminal nature, in the
> infliction of punishment on the party found guilty.

*42 U.S.C. §1988* (emphasis added).  Pursuant to section 1988, the
law of the Virgin Islands should be applied to this action, unless

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 9

---

application of local law would be "inconsistent with the Constitution and laws of the United States". Whether local law is consistent with federal law is determined by examination of the particular federal statute, and the policies expressed in the statute. *Robertson v. Wegman*, 436 U.S. 584, 590-91 (1978). The underlying policies expressed in the FHA and the FHAA are "to deter unlawful discriminatory conduct with respect to housing and provide compensation to those injured". *Community House, Inc. v. City of Boise, Idaho*, 2012 WL 368001, August 24, 2012 at *4 (D. Idaho 2012). Talkington is not a housing provider, nor does Walters' complaint allege that he is. Instead, Walters' only claim against Talkington alleging violation of section 3617 seeks an award of damages, and nothing more. As stated by the Supreme Court in *Robertson*, "[t]he goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate". *Robertson,* 436 U.S. at 592. Further, a "state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation". *Id. at 593.*

The United States District Court for the District of Idaho faced circumstances analogous to this matter in the *Community House* litigation cited above. In that action one of the plaintiffs, Greg Luther ("Luther"), died shortly before trial was to commence. As

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 10

with Barbara Walters, Luther had alleged housing discrimination on the basis of his handicapped status. *2012 WL 368001 at *1.* Luther's estate sought to be substituted as a party. The Idaho survival statute is limited to claims for personal injury or property damage. *Id. at *3.* Luther did not allege any claims for personal injury or property damage, only the FHAA discrimination claims. *Id.* The *Community House* court held that Luther's FHAA claims did not survive and abated upon his death. *Id. at *4-5.*

It is submitted that this Court should be guided by the decisions of the Supreme Court in *Robertson*, and the Idaho court in the *Community House* case. Resort to federal common law is only justified in those circumstances where local law is inconsistent with federal law. The FHAA does not contain any survivorship provisions, nor are the FHAA's underlying policies of deterring unlawful discrimination in housing served by the pursuit of a claim for damages against Lance Talkington as Talkington is not a housing provider. The mere fact that the plaintiff loses as the result of application of Virgin Islands law does not make Virgin Islands law inconsistent with federal law.

## III. <u>Conclusion</u>

WHEREFORE, for the reasons set forth in detail above, Defendant Lance Talkington prays this Court to deny Liana Walters Revock's Motion to Substitute.

Talkington Opposition to Motion
for Substitution
*Walters v. Cowpet Bay West Condominium Association, et al.*
Case No. ST-12-CV-00024
Page 11

_____

Dated: May 26, 2014                    By: /s/  John H. Benham, III
                                       John H. Benham, III, Esq.
                                       V.I. Bar No. 130
                                       Benham & Chan
                                       P.O. Box 11720
                                       St. Thomas, V.I.  00801
                                       Tel. (340) 774-0673
                                       Fax. (340) 776-3630
                                       benham@bclawvi.com

                    CERTIFICATE OF SERVICE

    I hereby certify that on the 26th day of May 2014, I
electronically filed the foregoing DEFENDANT LANCE TALKINGTON'S
OPPOSITION TO MOTION TO SUBSTITUTE LIANA WALTERS REVOCK AS BARBARA
WALTERS' PERSONAL REPRESENTATIVE AND/OR HER SUCCESSOR IN INTEREST
with the Clerk of the Court using the CM/ECF system which will send
a notification of such filling (NEF) to:

            Karin A. Bentz, Esq.
            Julita K. De Leon, Esq.
            5150 Dronningens Gade, Suite 8
            St. Thomas, VI 00802
            kbentz@virginlaw.com

            Richard P. Farrelly, Esq.
            Birch de Jongh & Hindels, PLLC
            1330 Taarneberg
            St. Thomas, VI 00802
            rfarrelly@bdhlawvi.com

            Joseph G. Riopelle, Esq.
            Boyd Richards Parker & Colonnelli, P.L.
            Rivergate Tower Suite 1150
            400 N. Ashley Drive
            Tampa, FL 33602
            jriopelle@boydlawgroup.com

            Ryan S. Meade, Esq.
            Quintairos, Prieto, Wood & Boyce, P.A.
            9300 South Dadeland Blvd., 4th Floor
            Miami, FL 33156
            rmeade@qpwblaw.com

                    By: /s/  John H. Benham, III