# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BARBARA WALTERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COWPET BAY WEST CONDOMINIUM ) <br> ASSOCIATION, *et al.,* ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil No. 2012-24 |

## MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff Barbara Walters' "Motion to Substitute Liana Walters Revock as Barbara Walters' Personal Representative and/or Her Successor in Interest" [ECF 201], her "Motion to Amend Second Amended Complaint" [ECF 248], and her "Motion to Withdraw and Re-File Revised Third Amended Complaint" [ECF 252]. Walters filed this case on April 9, 2012. Compl. [ECF 1]. She died on April 22, 2014. [ECF 201] at 1. For ease of reference, the undersigned will continue to refer to plaintiff as Walters.

## I. THE MOTIONS TO AMEND

Walters, a former property owner at Cowpet Bay West condominiums, located on St. Thomas, United States Virgin Islands, initiated suit following efforts to obtain an accommodation from the board of directors so that she could keep an emotional support dog at her residence; the board had a "no dog" policy. Comp. [ECF 1] ¶¶ 19-26. Walters alleged numerous claims against the condominium's board of directors and other residents of Cowpet Bay West.[1] *Id.* ¶¶

---

[1] Walters asserted the following claims: (1) violation of the Fair Housing Act, (2) violation of the Americans with Disabilities Act, (3) violation of the condominium bylaws; (4) negligence, (5) negligent and/or intentional infliction of emotional distress, (6) conspiracy, (7) defamation and slander, and (8) invasion of privacy. Comp. [ECF 1] ¶¶ 52-183.

52-183. She filed amended complaints on June 19, 2012, and on March 11, 2013. [ECFs 31, 95]. Walters has since moved, on multiple occasions, to again amend her complaint. [ECFs 176, 182, 185]. On March 19, 2019, following a remand from the United States Court of Appeals for the Third Circuit,[2] Walters agreed to withdraw all outstanding motions to amend and to "file a new motion for leave to amend the Second Amended Complaint." [ECF 247].

On April 2, 2019, Walters filed a motion to amend her second amended complaint. [ECF 248]. Just over one month later, she filed a motion to withdraw that motion and to file a revised third amended complaint. [ECF 252]. Walters now seeks to withdraw thirteen previously-pled counts. [ECF 252-1] at 2.

Defendant Lance Talkington opposed the motion to amend, contending that it should be denied as futile. [ECF 261] at 2. He argues that Count VIII - Negligent and/or Intentional Infliction of Emotional Distress fails to state a claim upon which relief may be granted. *Id.* First, Talkington argues that Count VIII is not supported by any allegations of negligent conduct on his part. *Id.* at 4-5. Second, he avers that, to the extent Walters is claiming intentional infliction of emotional distress, Tarkington's actions do not qualify as "extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress." *Id.* at 6. Lastly, Tarkington suggests that, under Virgin Islands law, Walters' tort action may not have survived her death. *Id.* at 3-4. In reply, Walters argues that Talkington misinterpreted her motion; she claims

---

[2] Ruling on the viability of Walters' federal Fair Housing Act claims, the Third Circuit (1) reversed the district court's grant of summary judgment in favor of the board of directors, (2) reversed the district court's grant of summary judgment in favor of two defendants, and (3) vacated the district court's grant of summary judgment in favor of another defendant. *Revock v. Cowpet Bay West Condo. Ass'n*, 853 F.3d 96, 116 (3d Cir. 2017). The court then remanded the case to the district court and reinstated the dismissed territorial claims. *Id.*

that, with respect to him, her intent was to withdraw six counts and not to add a new one. [ECF 263] at 1-3.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a). However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under [Federal Rule of Civil Procedure] 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In other words, the court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment," and such prejudice must be substantial or undue. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (quotation marks omitted)). In this context, prejudice has been held to mean that the non-movant is "unfairly disadvantaged." *Bechtel v. Robinson*, 886 F.2d 644, 652

(3d Cir. 1989). Courts evaluate prejudice "by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." *Debjo Sales, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 2017 WL 4404565, at *2 (D.N.J. Oct. 4, 2017). Ultimately, whether to grant leave to amend lies within a court's discretion. *Pennsylvania Employees Ben. Trust Fund v. Zeneca, Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).

Here, justice requires that Walters be granted leave to file her revised third amended complaint. First, Walters has not demonstrated any undue delay,[3] bad faith, or dilatory motives in the filing of her revised third amended complaint. Second, despite Talkington's contention that the proposed amendment would be futile, the Second Amended Complaint already included a claim against him for negligent and/or intentional infliction of emotional distress. Thus, while the proposed amendment seeks to add new factual allegations regarding Talkington's conduct,[4] it

---

[3] "In order for there to be undue delay sufficient to deny leave to amend, there must be prejudice." *Debjo Sales, LLC*, 2017 WL 4404565, at *2 (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984)). As discussed further below, any delay in raising the proposed amendment is not prejudicial to defendants.

[4] In the revised third amended complaint, Walters proposes adding the following language, *inter alia*, to Count VIII:

> 164. The Board and the Association wrongfully disclosed private information concerning Walters when they openly discussed Walters' application for a reasonable accommodation, including Walters' medical condition, at Board meetings in the presence of Talkington and other non-board members. They also disclosed the content of a personal letter addressed to Walters.
>
> 165. This disclosure of private information was done intentionally and with deliberate indifference to a substantial probability that severe emotional distress would result to Walters.

Third Amend. Compl. [ECF 252-2] ¶¶ 164, 165.

does not seek to add a new claim against him. Indeed, the primary purpose of the amendment appears to be to delete unnecessary or duplicate claims to streamline the litigation.

Lastly, the Court cannot conclude that Talkington would be substantially or unduly prejudiced by the proposed amendment. While the additional allegations in Count VIII could potentially strengthen Walters' case, Talkington would not be unfairly disadvantaged because he already had notice of the claim and, despite the age of the matter, discovery has virtually just begun. In addition, the proposed amendment would not require him to expend significant additional resources, if any, to defend. Therefore, the motion to amend the second amended complaint will be denied as moot and the motion to file a revised third amended complaint will be granted.

## II. THE MOTION TO SUBSTITUTE

On May 1, 2014, Talkington filed a "Suggestion of Death" on the docket. [ECF 191]. On May 19, 2014, Walters' counsel moved, under Rule 25 of the Federal Rules of Civil Procedure, to substitute Walters' daughter, Liana Walters Revock, as her personal representative, successor in interest or successor. [ECF 201] at 1. Counsel claimed that Revock is Walters' "sole heir and personal representative." *Id.* Talkington opposed the motion, claiming that Revock was not a "legal representative" of Walters' estate. [ECF 211] at 2.

While the motion for substitution was pending, Walters filed an appeal with the United States Court of Appeals for the Third Circuit on a separate issue and the matter of substitution was suspended in this Court. After the Third Circuit issued its March 31, 2017 mandate, the undersigned ordered Walters' counsel to provide evidence in support of the motion for substitution. [ECF 260]. In response, counsel filed copies of Walters' "Last Will and Testament" and a certificate of probate from Mecklenburg County, North Carolina Superior Court.

[ECFs 262-1, 262-2]. In her will, Walters named Revock executrix of her estate and in the attached certificate, the probate court authorized Revock to act as Walters' fiduciary. [ECF 262-1] at 3, [ECF 262-2].

Under Rule 25, four conditions must be satisfied before a party can be substituted for the deceased: (1) the claim must survive the party's death, (2) the individual seeking to be substituted must be a "proper party," (3) the motion to substitute must be made by the party's "successor or representative," and (4) the motion must be made "within 90 days after service of a statement noting the death."[5] Fed. R. Civ. P. 25(a)(1). In this case, all four conditions have been met. First, the Third Circuit held that Walters' claims were not extinguished by her death. *Revock*, 853 F.3d at 110 ("Fair Housing Act claims survive the death of a party."). Second, as the executrix of Walters' estate, Revock is the proper party for substitution. *See Indyk v. Experian Info. Solutions, Inc.*, 2006 WL 1582093, at *1 (D.N.J. May 31, 2006) (citing *Mut. Benefit Life Ins. Co. v. Tisdale*, 91 U.S. 238, 243-44 (1876)) ("[A]ppointment of Plaintiff as Executrix through letters testamentary issued by a probate court would be conclusive evidence of her right to be substituted for her late husband."); *accord Kernisant v. City of New York*, 225 F.R.D. 422, 429 n.6 (E.D.N.Y. 2005) (A "proper party" for substitution is either "a successor of the deceased party" or "a representative of the deceased party's estate—a person lawfully designated by state authority to represent the deceased's estate."). Third, because Walters' counsel made the motion to substitute on Revock's behalf, the third requirement is satisfied. Fourth, the motion was timely filed. Both the suggestion of death and the motion for substitution were filed in May 2014.

---

[5] *See Thorpe v. Borough of Jim Thorpe*, 2011 WL 5878377, at *2 (M.D. Pa. Nov. 23, 2011) ("[T]he notes to Rule 25 explain that a 'service of a statement noting the death' means 'a suggestion of death upon the record,' and the Third Circuit has also adopted this interpretation.") (citing *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994)).

Thus, the motion was made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1).

In addition, the suggestion of death was served on the existing parties pursuant to Federal Rule of Civil Procedure 5. Fed. R. Civ. P. 25(a)(3). Although the suggestion was not simultaneously served on Revock, her identity and status as Walters' successor was not known at the time. *See Giles v. Campbell*, 698 F.3d 153, 159 (3d Cir. 2012) ("The case law makes clear that with the inapplicable exception [of where the opposing party files the suggestion of death and does not know who the successor is], notice to the lawyers, service on the lawyers, knowledge of all concerned—nothing will suffice to start the 90–day clock running except service on whoever is identified as the decedent's representative or successor.") (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir 2008)) (quotation marks omitted).[6] Therefore, the motion to substitute will be granted.

Accordingly, the premises considered, the following is hereby ORDERED:

(1) the motion to substitute [ECF 201] is GRANTED;

(2) the motion to amend [ECF 248] is DENIED AS MOOT;

(3) the motion to withdraw and refile [ECF 252] is GRANTED;

(4) plaintiff shall file her Third Amended Complaint no later than July 8, 2019; and

(5) defendants shall respond to the Third Amended Complaint in accordance with the applicable rules.

**Dated:** July 3, 2019

S\_____
**RUTH MILLER**
United States Magistrate Judge

---

[6] The Court notes that in its March 31, 2017 mandate, the Third Circuit granted substitution of Revock as Walters' personal representative under Federal Rule of Appellate Procedure 43(a). *Revock*, 853 F.3d at 103 n.6.