IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DISTRICT OF ST. THOMAS AND ST. JOHN

****************

| | |
|---|---|
| **LIANA REVOCK, Executrix of the Estate of BARBARA WALTERS,** | CIVIL NO. 12-00024 |
| Plaintiff, | Action for: Housing Discrimination; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Punitive Damages; and Declaratory Judgment |
| v. | |
| **COWPET BAY WEST CONDOMINIUM ASSOCIATION; THE BOARD OF THE COWPET BAY WEST CONDOMINIUM ASSOCIATION; MAX HARCOURT in his personal capacity; ALFRED FELICE; LANCE TALKINGTON; ROBERT COCKAYNE; VINCENT VERDIRAMO,** | JURY TRIAL DEMAND |
| Defendants. | |

## MEMORANDUM IN SUPORT OF MOTION TO SUBSTITUTE THE PERSONAL REPRESENTATIVE AND/OR SUCCESSOR IN INTEREST TO ALFRED FELICE

**COME NOW** Plaintiff, **LIANA REVOCK,** Executrix of the Estate of **BARBARA WALTERS** ("Walters"), by and through her undersigned counsel, **LAW OFFICES OF KARIN A. BENTZ, P.C.**, (Karin A. Bentz, Esq.), and herewith files, in response to this Court's request, this Memorandum of Law to Support the Personal Representative and/or Successor in Interest, to Defendant Alfred Felice ("Felice").

### BACKGROUND

On June 1, 2012, Attorney Ryan C. Meade of Quintairos, Prieto, Wood & Boyce filed a Notice of Death of Defendant Alfred Felice with this Court (Docket No. 29). This notice of death was deficient as it was never served on Felice's successor in interest. On September 4, 2012 Walters filed a Motion to Substitute Alfred Felice With His Personal Representative and/or His Successor in Interest in Cowpet Bay West Condominium No. 27 (Docket No. 55). Attorney Meade filed a reply to the motions to substitute on September 21, 2012 (Docket No.

Case: 3:12-cv-00024-RAM-RM   Document #: 327   Filed: 04/24/20   Page 2 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*                                    Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice                                                    Page 2

70). On June 14, 2013 this Court issued an opinion holding that Walters' claims against Felice were not extinguished by his death but denied Plaintiff's motion on the grounds that it lacked personal jurisdiction over Felice's successor in interest, his widow Rosemary Felice ("Mrs. Felice"), as Plaintiff had not served her with Plaintiff's Motion to Substitute (Docket No. 116). *Walters v. Cowpet Bay West Condominium Association*, 66 V.I. 672, 685 (D.V.I. 2013) ("Because the plaintiffs were required to, yet failed to serve Felice's successor in interest, the Court lacks personal jurisdiction over such successor.") This Court granted Plaintiff leave to file a second motion to substitute until June 28, 2013 (Docket Now. 116). On June 19, 2013 Plaintiff filed a second motion to substitute Mrs. Felice (Docket No. 117), however, on March 7, 2014 this motion was likewise denied as Mrs. Felice had not been served with a suggestion of death as required by Rule 25(a)(3) (Docket No. 167). This Court granted Plaintiff leave to file and serve a suggestion of death until March 28, 2014. On March 31, 2014 Plaintiff filed a motion for extension of time to serve Rosemary Felice (Docket No. 168). On April 1, 2014 Plaintiff served Mrs. Felice with a notice of death (Docket No. 172).

On or about May 1, 2014 Defendants Cowpet, Robert Cockayne, Max Harcourt, and Vincent Verdiramo filed motions for summary judgment (Docket Nos. 187, 188, 189 & 190), each of which was opposed (Docket Nos. 203, 204, 205 & 206). Without resolving the issue of substitution or ruling on Felice's pending motion to dismiss, this Court granted Defendants' motion for summary judgment. Plaintiff timely appealed (Docket No. 216). On March 31, 2017 the Third Circuit issued its Opinion reversing in part and vacating in part the decision of this Court (*See* Mandate, Docket No. 237). The Third Circuit also included in its Opinion that it would remand the case to the District Court with instructions to consider whether to permit substitution for Felice. (*See* Mandate p.5, Docket No. 237).

On July 3, 2019 Plaintiff filed a Revised Third Amended Complaint to remove twelve (12) counts (Docket No. 265). In February 2020 Plaintiff settled her claims with all Defendants

Case: 3:12-cv-00024-RAM-RM Document #: 327 Filed: 04/24/20 Page 3 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.* Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice Page 3

with the exception of Felice (*See* Report of Mediation, Docket No. 321 and Stipulation of Dismissal, Docket No. 325). After eight years of litigation, Plaintiff is eager to bring this matter to a close but cannot do so until this Court appoints a successor in interest to Felice.

## **LEGAL STANDARD**

Motions to substitute filed in this Court are governed by Rule 25 of the Federal Rules of Civil Procedure, which provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed.R.Civ.P. 25(a).

"When a party to a lawsuit dies, the threshold consideration pursuant to Rule 25(a)(1) is whether the claim is extinguished." *Giles v. Campbell,* 698 F.3d 153, 155-56 (3d Cir. 2012). To the extent that claims survive, the court must then consider whether or not it has personal jurisdiction over the successor in interest. *See, e.g., Walters v. Cowpet Bay West Condominium Association*, 66 V.I. 672, 678 (D.V.I. 2013).

Case: 3:12-cv-00024-RAM-RM   Document #: 327   Filed: 04/24/20   Page 4 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*   Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice   Page 4

## ARGUMENT

I.   THE CLAIMS AGAINST FELICE HAVE NOT BEEN EXTINGUISHED

In its opinion of June 14, 2013, this Court conducted an extensive analysis of Plaintiff's claims against Felice and determined that none of them had been extinguished. Since Plaintiff's claims against Felice have altered slightly since 2013, Plaintiff herewith reapplies this Court's previous legal reasoning to the current claims.

Plaintiff's claims against Felice now constitute a claim for violation of Section 3617 of the Federal Fair Housing Act ("FHA" or "FHAA") and intentional infliction of emotional distress. As far as the analysis of the FHA claim is concerned, this Court's previous holding still applies. In *Walters v. Cowpet Bay West Condominium Association*, 66 V.I. 672 (D.V.I. 2013) this Court explained that "[n]either the Fair Housing Act nor its amendments contain any specific provision explaining whether an FHAA lawsuit against a party is extinguished when that party dies." *Id.* at 679.

Lacking also Third Circuit precedent, this Court turned to other circuit courts for guidance. *See, e.g., Kirk v. C.I.R.,* 179 F.2d 619, 620 (1st Cir. 1950) ("The right to proceed against the representatives of a deceased person depends, not on forms and modes of proceeding in a suit, but on the nature of the cause of action for which the suit is brought, in other words [w]hether an action survives depends on the substance of the cause of action, not on the forms of proceeding to enforce it.") (internal citations and quotations omitted); *United States v. NEC Corp.,* 11 F.3d 136, 137 (11th Cir. 1993) (holding that "resolution of the survivability issue depends on whether the recovery is deemed 'remedial' or 'penal.' A remedial action is one that compensates an individual for specific harm suffered, while a penal action imposes damages upon the defendant for a general wrong to the public."); *Murphy v. Household Finance Corp.,* 560 F.2d 206 (6th Cir. 1977) (outlining the factors for determining whether an action is remedial or penal).

Case: 3:12-cv-00024-RAM-RM   Document #: 327   Filed: 04/24/20   Page 5 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*     Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice     Page 5

This Court agreed with the Fifth Circuit's assessment of the purpose of the FHAA: "In response to a history of national discrimination against *individuals* with disabilities, Congress enacted the FHAA in 1988. The purpose of the Act was to prohibit discrimination in the national housing market for handicapped *individuals*." *Groome Res. Ltd., L.L.C. v. Parish of Jefferson,* 234 F.3d 192, 200–01 (5th Cir. 2000). This Court, examining the statute itself, observed that "[i]ndeed, the plain language of the statute is replete with references to the singular complainant." *Walters v. Cowpet Bay West Condominium Association*, 66 V.I. 672, 681 (D.V.I. 2013). "As such, the Court finds that the 'purpose' factor weighs in favor of classifying an FHAA action as 'remedial.'" *Id.* After determining that "the recovery authorized by the statute is not *wholly* disproportionate to the harm suffered by an FHAA plaintiff" this Court concluded that "the FHAA's provisions are remedial, not penal. Because the FHAA is remedial, a plaintiff's claims under the statute survive the death of a defendant against whom such claims are asserted – here, Felice." *Id.*

This Court then turned its attention to Walters' remaining claims of intentional infliction of emotional distress, conspiracy, and prima facie tort. Plaintiff has since dismissed her claims for conspiracy and prima facie tort but is still claiming intentional infliction of emotional distress against Felice. As such a claim is local in nature "the Court must look to local law for guidance as to survival of such claims." *Id.* at 682 (*citing Giles,* 698 F.3d at 156). Citing to V.I. Code Ann. tit. 5, § 77 (2012) and V.I. Code Ann. tit. 15, § 601 (2012) this Court held that "Virgin Islands law clearly provides for survival of such claims." *Id.* This Court then concluded that "[b]ased on the foregoing, the Court finds that the plaintiffs' claims against Felice were not extinguished by Felice's death." Since the law and the claims (minus the two tort claims) are the same now as they were when this Court issued its opinion in 2013, this Court should affirm its earlier holding and conclude that Felice's claims have not been extinguished by his death.

Case: 3:12-cv-00024-RAM-RM   Document #: 327   Filed: 04/24/20   Page 6 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*   Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice   Page 6

**II.   THIS COURT HAS PERSONAL JURISDICTION OVER THE SUCCESSOR-IN-INTEREST**

Having established that Felice's claims have not been extinguished, the next step is for the Court to determine whether it has personal jurisdiction over the successor in interest. Substitution of parties is governed by Rule 25(a) which requires that both the motion to substitute and the suggestion of death be served pursuant to Rule 4 where, as in this case, the successor in interest is a nonparty. *See* Rule 25(a)(3); *Giles*, 698 F.3d at 158. In the absence of a legally sufficient statement of death on the record, the 90-day deadline in Rule 25(a)(1) does not begin to run. *Id* at 159. A valid suggestion of death under Rule 25(a) requires two conditions. First, a formal statement of death must be placed "on the record" by one with the authority to do so. *Id.* Second, the statement of death must be properly served pursuant to Rule 25(a)(3). *Id*.

In this case, Felice failed to comply with the requirements of Rule 25(a)(3). The Notice of Death that Attorney Meade filed with this Court on June 1, 2012 was legally deficient because it was not served on Felice's successor in interest. "Nothing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's … successor." *Giles*, 698 F.3d at 159; *see also Antoine v. V.I. Port Auth.*, 2008 U.S. Dist. LEXIS 55692, at *10 (D.V.I. July 23, 2008). There was not a legally sufficient statement of death on the record until Walters served Rosemary Felice with the Notice of Death on April 1, 2014.

Prior to the notice of death being filed, Plaintiff filed a Motion to Substitute Alfred Felice With His Personal Representative and or His Successor in Interest in Cowpet Bay West Condominium No. 27 on September 4, 2012 (Docket No. 55). On July 8, 2013 Plaintiff filed proof that Felice's successor in interest, Rosemary Felice, had been served with Plaintiff's Motion to Substitute *See* Affidavit of Service 2013 (Docket No. 127). Significantly, hard copies of documents filed in this action were mailed to Rosemary Felice and, continue to be

Case: 3:12-cv-00024-RAM-RM Document #: 327 Filed: 04/24/20 Page 7 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*          Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice          Page 7

sent to her via U.S. mail. Therefore, Rosemary Felice has been kept apprised of the action. *Giles,* 698 F.3d at 160 ("The driving purpose behind Rule 25 is to ensure that all those having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights.").

Although Plaintiff served the notice of death on Mrs. Felice four days after the deadline, this delay is not significant enough to override substitution. This Court has repeatedly held that Rule 25(a) is not meant to be used as a procedural mechanism to "bar … otherwise meritorious actions." *Antoine*, 2008 U.S. Dist. LEXIS 55692, at *14. It is clear that a district court is authorized "to exercise its discretion to permit a motion for substitution beyond the time originally prescribed [by Rule 25(a)(1)] when the failure to file the motion was the result of excusable neglect." *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005); *see also George v. United States*, 208 F.R.D. 29, 33 (D.Conn. 2001) (relief may be granted from 90-day restriction, even if request is made after expiration of deadline, where delay results from excusable neglect and opposing party fails to demonstrate undue prejudice); *Kessler v. Southeast Permanente Medical Group of North Carolina*, P.A., 165 F.R.D. 54, 57 (E.D.N.C. 1995) (movant is required to show excusable neglect where it failed to move for substitution in timely manner after suggestion of death was made upon the record). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Kaubisch,* 408 F.3d at 543 (internal quotations and citations omitted); *see also Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 602 (D.Kan. 2000) (recognizing that excusable neglect is "an elastic concept"); *Zeidman v. General Acc. Ins. Co.*, 122 F.R.D. 160, 162 (S.D.N.Y.1988) (party seeking enlargement of 90-day period prescribed by Rule 25(a) must show both good faith and reasonable basis for noncompliance to be successful, but excusable neglect is an elastic concept).

Case: 3:12-cv-00024-RAM-RM   Document #: 327   Filed: 04/24/20   Page 8 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*   Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice                    Page 8

Although the proof of serving the notice of death was filed about four days after the Court's deadline, there is no evidence of bad faith on the part of Walters nor is there any prejudice to Rosemary Felice. While the Order required that proof of service be filed with the Court on or before March 28, 2014, Walters did not sit on her hands and watch the deadline run. Indeed, Walters sent the documents to the process server, who is located in New York, on March 13, 2014 to serve Mrs. Felice. The process server was not able to serve Mrs. Felice until April 1, 2014. *See* Email of process server (**Exhibit 1**). Given that Walters did everything she humanly could to comply with the Court's Order, her inability to meet the Court ordered deadline is excusable neglect.

From this overview of the record it is clear that the requirements for personal jurisdiction of this Court over Mrs. Felice have been met. Mrs. Felice has been served multiple times with Plaintiff's motion to substitute and with the notice of death. Plaintiff's motion to substitute and service on Felice's successor in interest have been within the margins of error of the timeframe of Rule 25(a). Mrs. Felice is obviously aware of her husband's death and Plaintiff has made her aware, multiple times, of her intent to substitute Mrs. Felice for her husband in this lawsuit.

**WHEREFORE**, for the foregoing reasons, Plaintiff, pray this Court substitute the Rosemary Felice as the personal representative and/or successor in interest to Alfred Felice.

Respectfully Submitted,

**LAW OFFICES OF KARIN A. BENTZ, P.C.**

Dated: April 24, 2020        /s/ Karin A. Bentz
                             **Karin A. Bentz, Esq. (V.I. Bar No. 413)**
                             7605 Lower Hull
                             St. Thomas, VI 00802-3580
                             Telephone: 340-774-2669
                             Email: kbentz@virginlaw.com

Case: 3:12-cv-00024-RAM-RM   Document #: 327   Filed: 04/24/20   Page 9 of 9

*Liana Revock v. Cowpet Bay West Condominium Assoc., et al.*   Civil No. 12-00024
Memorandum in Support of Substitution of Rosemary Felice   Page 9

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused the filing and service of the foregoing with the Clerk of the District Court of the Virgin Islands using the CM/ECF system, which will provide electronic notice by email to the following.

    Richard P. Farrelly, Esq.
    Birch de Jongh & Hindels, PLLC
    1330 Taarneberg
    St. Thomas, VI 00802
    E-mail: rfarrelly@bdhlawvi.com

    Kyle T. Berglin, Esq.
    Boyd Richards Parker & Colonnelli, P.L.
    100 S.E. Second Street, Suite 2600
    Miami, FL 33131
    kberglin@boydlaw.group.com

    John Benham, III, Esq.
    The Law Offices of Benham and Chan
    P. O. Box 11720
    St. Thomas, VI 00801
    E-mail: jhbenham@wattsbenham.com

    Ryan S. Meade, Esq.
    Quintairos, Prieto, Wood and Boyce, P.A.
    9300 South Dadeland Blvd., 4th Floor
    Miami, FL 33156
    E-mail: rmeade@qpwblaw.com

                                                /s/ Karin A. Bentz