## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

LIANA REVOCK, as Executrix of the )
ESTATE of BARBARA WALTERS, )
)
        Plaintiff, )
)     Case No. 3:12-cv-0024
        v. )
)
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; THE BOARD OF THE )
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; ED WARDWELL, MAX )
MARCOURT; BILL CANFIELD, ROSIE )
WELLS, SHARON KOEHLER, DOUG REBAK )
and HERB HORWITZ as Board members; )
MAX HARCOURT, in his personal capacity; )
LANCE TALKINGTON; ALFRED FELICE, )
ROBERT COKAYNE, and VINCENT )
VERDIRAMO, )
)
        Defendants. )
_____ )
)
JUDITH KROMENHOEK, )
)
        Plaintiff, )
)
        v. )     Case No. 3:12-cv-0025
)
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; THE BOARD OF THE )
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; ED WARDWELL, MAX )
MARCOURT; BILL CANFIELD, ROSIE )
WELLS, SHARON KOEHLER, DOUG REBAK )
and HERB HORWITZ as Board members; )
MAX HARCOURT, in his personal capacity; )
LANCE TALKINGTON; ALFRED FELICE, )
ROBERT COKAYNE, and VINCENT )
VERDIRAMO, )
)
        Defendants. )
_____ )

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 2 of 9

ATTORNEYS:

**Karin A. Bentz, Esq.**
Law Offices of Karin A. Bentz, P.C.
St. Thomas, U.S.V.I.
        *For Liana Revock and Judith Kromenhoek,*

**Kyle Thomas Berglin, Esq.**
Boyd Richards Parker & Colonnelli, P.L.
Miami, FL
**Richard P. Farrelly, Esq.**
Birch, de Jongh & Hindels, PLLC
St. Thomas, VI
        *For Cowpet Bay West Condominium Association, The Board of the Cowpet Bay West Condominium Association, Ed Wardwell, Max Harcourt, Bill Canfield, Rosie Wells, Sharon Koehler, Doug Rebak, Robert Cockayne, Vincent Verdiramo, and Herb Horwitz,*

**John H. Benham, III, Esq.**
Law Office of John H. Benham, P.C.
St. Thomas, VI
        *For Lance Talkington,*

**Ryan C. Meade, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
Miami, FL
        *For Alfred Felice.*

## <u>MEMORANDUM OPINION</u>

MOLLOY, J.

        **BEFORE THE COURT** are the motions of Liana Revock, as Executrix of the Estate of Barbara Walters, and Judith Kromenhoek to substitute deceased defendant Alfred Felice with his personal representative or successor in interest.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

        Prior to her death, Barbara Walters ("Walters") owned a unit in the Cowpet Bay West Condominium complex on St. Thomas in the United States Virgin Islands ("Cowpet Bay West"). Judith Kromenhoek ("Kromenhoek") also owns a unit in Cowpet Bay West. Cowpet Bay West is governed by the Cowpet Bay West Condominium Association Board

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 3 of 9

(the "Condo Association Board"). An Internet web log, the Cowpet Bay Blog, is allegedly maintained by Cowpet Bay West resident Lance Talkington. The instant dispute arose out of a series of incidents related to Walters's and Kromenhoek's emotional support dogs, actions of the Condo Association Board, and comments posted on the Cowpet Bay Blog. Walters and Kromenhoek each filed complaints on April 9, 2012, against several defendants including Alfred Felice ("Felice").[1] Subsequently, on June 1, 2012, Attorney Ryan C. Meade, Attorney of record for Alfred Felice, filed a notice of death as to Alfred Felice. (Case No. 3:12-cv-24, ECF No. 29; Case No. 3:12-cv-25, ECF No. 28.) There are no attachments or exhibits associated with the document.

On September 4, 2012, Walters and Kromenhoek each filed a motion to substitute Felice with his personal representative and/or successor in interest. On June 14, 2013, the Court denied the motion to substitute because Walters and Kromenhoek had not served any personal representative or successor in interest with the motion to substitute as required by Rule 25(a)(3) of the Federal Rules of Civil Procedure. (Case No. 3:12-cv-24, ECF No. 116; Case No. 3:12-cv-25, ECF No. 115.) In that order, the Court granted leave to file a second motion to substitute until June 28, 2013. *Id.* Walters and Kromenhoek each filed a second motion to substitute before that deadline. (Case No. 3:12-cv-24, ECF No. 117; Case No. 3:12-cv-25, ECF No. 116.) Thereafter, Walters and Kromenhoek each filed a notice of proof of service of the second motion to substitute. (Case No. 3:12-cv-24, ECF No. 127; Case No. 3:12-cv-25, ECF No. 126.)

On March 7, 2014, the Court denied the second motion to substitute because Walters and Kromenhoek had not served any personal representative or successor in interest with a statement noting Felice's death as required by Rule 25(a)(3) of the Federal Rules of Civil Procedure. (Case No. 3:12-cv-24, ECF No. 167; Case No. 3:12-cv-25, ECF No. 165.) In that order, the Court granted leave to serve any personal representative or successor in interest with a statement noting death until March 28, 2014. *Id.* On April 1,

---

[1] Pursuant to Fed. R. Civ. P. 42, the two cases will be joined for the specific purpose of resolving the pending motions to substitute.

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 4 of 9

2014, Walters and Kromenhoek each filed a notice of proof of service on Rosemary Felice. (Case No. 3:12-cv-24, ECF No. 171; Case No. 3:12-cv-25, ECF No. 172.) At that time however, Walters and Kromenhoek did not refile a motion to substitute for the Court's consideration.

Subsequently, the Court entered judgment in favor of the Defendants in each case. Walters and Kromenhoek each appealed. On June 12, 2017, the Third Circuit issued a mandate reversing in part and vacating in part this Court's judgment in favor of the defendants and remanding this matter for further proceedings. The Third Circuit also directed this Court to determine in the first instance whether to permit substitution for Felice.[2]

On July 3, 2019, Liana Revock ("Revock"), as executrix for Walters' estate,[3] and Kromenhoek each filed the operative complaint in their respective cases. In these complaints, Revock and Kromenhoek continue to allege various claims against Felice.

On January 31, 2020, Revock and Kromenhoek each filed a motion to substitute Felice with the Estate of Alfred Felice (Case No. 3:12-cv-24, ECF No. 301; Case No. 3:12-cv-25, ECF No. 312.) Attached to those motions is a petition for temporary and limited administration of the Estate of Alfred Felice that had been filed in a state court in New York. There is no indication whether the petition had been granted or whether an administrator had been appointed.

On April 24, 2020, Revock and Kromenhoek each filed a motion to substitute Felice with Rosemary Felice. (Case No. 3:12-cv-24, ECF No. 326; Case No. 3:12-cv-25, ECF No. 331.)

On October 7, 2020, Revock and Kromenhoek each filed a motion requesting that the Court rule on their motions to substitute Felice with either Rosemary Felice or the

---

[2] As noted above, Walters and Kromenhoek did not refile a formal motion for substitution after the Court denied their second motion to substitute. It appears that Walters and Kromenhoek, and the Third Circuit, construed the April 1, 2014 notice as reviving their motion to substitute.

[3] Walters died during the pendency of her case. On July 3, 2019, the Court granted a motion to substitute Walters with Liana Revock, executrix of Walters' estate. (Case No. 3:12-cv-24, ECF No. 264.)

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 5 of 9

Estate of Alfred Felice. (Case No. 3:12-cv-24, ECF No. 332; Case No. 3:12-cv-25, ECF No. 337.) Attached to those motions is an August 25, 2020 Order issued by the Surrogate's Court of Nassau County, New York. (Case No. 3:12-cv-24, ECF No. 332-2; Case No. 3:12-cv-25, ECF No. 337-2.) That order appoints the Nassau County Public Administrator as the representative of the Estate of Alfred Felice. *See id.* at 2.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 25 ("Rule 25") provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

"When a party to a lawsuit dies, the threshold consideration pursuant to Rule 25(a)(1) is whether the claim is extinguished." *Giles v. Campbell*, 698 F.3d 153, 155-56 (3d Cir. 2012). In considering a motion to substitute, a court must also address whether it has personal jurisdiction over the party to be substituted. *Id.* at 155. Moreover, a court should consider whether the party to be substituted is a "proper party." Fed. R. Civ. P. 25(a)(1); *see also Sinito v. U.S. Department of Justice*, 176 F.3d at 516 ("It is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party."). "In the typical case, the proper party [for substitution] would be 'the representative of the decedent's estate who has been appointed under state

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 6 of 9

law.'" *In re Baycol Prod. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010) (citations omitted). Nevertheless, "[w]here there is no appointed representative, and no practical need to seek one, the district court should conduct a more detailed analysis." *Id.*

> [U]nder certain circumstances a person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

*Id.* at 784-85. "Decisions on [a] motion for substitution are within the trial court's discretion." *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994).

## III. <u>ANALYSIS</u>

In its June 14, 2013 Order, the Court addressed whether each of Walters' and Kromenhoek's claims against Felice would be extinguished on Felice's death. The Court found that all claims against Felice survived his death. *Walters v. Cowpet Bay W. Condo. Ass'n*, CV 2012-24, 2013 WL 2988021 (D.V.I. June 14, 2013). The operative complaint in each matter—filed on July 3, 2019, after this Court addressed the survival of Walters' and Kromenhoek's claims against Felice—does not assert any new or different claims against Felice from those the Court already determined to have survived Felice's death.[4] Because the Court is unaware of any intervening change in law, it will not disturb its finding that Walters' and Kromenhoek's claims against Felice survive his death. As such, the Court must determine only (1) whether the parties to be substituted are the proper parties within the meaning of Rule 25, and (2) whether the Court has personal jurisdiction over the parties to be substituted.

Here, Revock and Kromenhoek have each filed two separate motions to substitute, one on January 31, 2020, and the second on April 24, 2020. The January 31, 2020 motion seeks to substitute Felice with his estate. Significantly, "[a]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal

---

[4] Indeed, with respect to Felice, the operative complaint in each case has only dropped several previously asserted claims.

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 7 of 9

representative and therefore any action must be brought by or against the executor or representative of the estate." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (citations omitted) (internal quotation marks omitted). Curiously, Revock and Kromenhoek filed the January 31, 2020 motions to substitute Felice with his estate before any representative was appointed. Indeed, the attachment to the January 31, 2020 motion to substitute is merely a petition for letters of temporary and limited administration of the Estate of Alfred Felice. As such, the January 31, 2020 motions to substitute Felice with his estate were filed prematurely. *See id.* at 956 (explaining that "the request to add an unknown, and perhaps nonexistent, executor [under Rule 25(a)] is clearly improper" where there was "no indication in [the] record that probate proceedings were ever initiated" for the decedent or "who the correct legal representative of [the decedent's] estate was or is").

Nevertheless, in their October 7, 2020 motion requesting that the Court rule on their pending motions to substitute, Revock and Kromenhoek attached an August 25, 2020 Order issued by the Surrogate's Court of Nassau County, New York, that appoints the Nassau County Public Administrator as the representative of the Estate of Alfred Felice. Significantly, as this Court has previously explained, "Rule 25(a)(3) requires that both the motion to substitute and the suggestion of death be served . . . pursuant to Rule 4 for nonparties." *See* Order, June 14, 2013, at 17, Case No. 3:12-cv-24, ECF No. 116; Order, June 14, 2013, at 17, Case No. 3:12-cv-25, ECF No. 115. Indeed, where the parties to a lawsuit have failed to serve the motion to substitute and the suggestion of death upon a nonparty— such as a successor or representative of the deceased party's estate—a district court lacks personal jurisdiction over that nonparty. *See Giles*, 698 F.3d at 158. Here, Revock and Kromenhoek have not filed any proof of service indicating that the representative of Felice's estate was served with the motion to substitute and the suggestion of death as required by Rule 25(a)(3). As such, this Court lacks personal jurisdiction over the Estate of Alfred Felice. Thus, the Court will deny the motions to substitute Felice with the Estate of Alfred Felice.

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 8 of 9

  In the April 24, 2020 motion to substitute, Revock and Kromenhoek request to substitute Felice with his widow, Rosemary Felice. That motion does not address whether or not Rosemary Felice is a proper party for substitution. Nevertheless, the issue of whether Rosemary Felice is a proper party to substitute for Felice arose in a March 1, 2013, hearing before the Court. At that hearing, Attorney Meade[5] represented to the Court that Felice had no will or assets to be distributed and that no estate had been opened in any probate court. Thereafter, the Court ordered Walters and Kromenhoek to submit additional briefing regarding the proper party to substitute for Felice. On March 7, 2013, Walters and Kromenhoek filed a supplemental brief regarding that issue.

  Relying on the three general circumstances under which a person may be a "successor" under Rule 25 enunciated *In re Baycol*, Walters and Kromenhoek argue that Rosemary Felice is a proper party because she was the primary beneficiary of his unprobated estate, "which consisted of what little personal effects he owned (clothes, etc.) and his 50% undivided interest in the [Cowpet Bay West] condo unit he owned with his wife, Rosemary Felice." *See* Pl. Barbara Walters', Rule 25 Br. Regarding the Successors in Interest of Max Harcourt and Alfred Felice at 9, Case No. 3:12-cv-24, ECF No. 92; Pl. Judith Kromenhoek's Corrected Rule 25 Br. Regarding the Successors in Interest of Max Harcourt and Alfred Felice at 9, Case No. 3:12-cv-25, ECF No. 91. Further, Walters and Kromenhoek assert that "[n]ot only is Rosemary Felice the primary beneficiary of Mr. Felice's intestate unprobated estate, she was (prior to Mr. Felice's death) the 50% owner of the condo, the only asset available for execution of judgement should the Plaintiff prevail." *Id.*

---

[5] On August 2, 2013, Attorney Meade entered a limited appearance on behalf of Rosemary Felice. Additionally, on August 12, 2013, Attorney Meade filed a motion for leave to appear by telephone on behalf of Rosemary Felice at a scheduled status conference. With these two exceptions, in each of Attorney Meade's filings in these matters—of which there are many—he purported to represent Felice. Confusingly, Attorney Meade first entered his appearance on behalf of Felice on May 25, 2012, the date Felice reportedly died. But an attorney client relationship ceases upon the death of the client. *See Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3d Cir.1989). Moreover, before the Third Circuit, Attorney Meade explained that he is being paid by Felice's insurer. *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 103 n.7 (3d Cir. 2017). This begs the question of whether Attorney Meade, in reality, has been acting on behalf of Felice's estate (if it exists), Rosemary Felice, or some other unidentified successor in interest.

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Memorandum Opinion
Page 9 of 9

Significantly, whether the condo is an interest of Felice, subject to creditors, to which Rosemary Felice succeeded may depend on the nature of that property interest. Real property in the Virgin Islands owned by multiple people may take the form of a tenancy in common, a joint tenancy, or a tenancy by the entirety. *See* 28 V.I.C. § 7. Significantly, "the rule of law in [the Virgin Islands] is that while [spouses are] tenants by the entirety, the [p]roperty [owned by the spouses as tenants by the entirety is] not subject to execution by one who is a judgment creditor of one individual spouse solely." *Modeste v. Benjamin*, No. CIV. 81-57, 1981 WL 705006, at *1 (D.V.I. Nov. 3, 1981). Given these circumstances, the Court finds that the record before it is insufficient to establish that there is an interest of Felice to which Rosemary Felice succeeded that is sufficient to justify substituting her into these cases as Felice's successor in interest. *Cf. Tamburo v. Dworkin*, No. 04 C 3317, 2012 U.S. Dist. LEXIS 3655, at *13-14 (N.D. Ill. Jan. 11, 2012) (declining to permit substitution of decedent with his children where it was unclear whether the decedent's estate had any assets to recover). Nevertheless, the Court will provide Revock and Kromenhoek with an opportunity to supplement the record as to whether Rosemary Felice is a proper party to substitute for Felice.

## IV. <u>CONCLUSION</u>

Because the Court lacks personal jurisdiction over the Estate of Alfred Felice, the Court will deny the motions to substitute Felice with the Estate of Alfred Felice. Additionally, because the record is insufficient to establish whether Rosemary Felice is a proper party to be substituted for Alfred Felice, the Court will provide Revock and Kromenhoek with an opportunity to supplement the record, failing which the Court will deny the motion to substitute Felice with Rosemary Felice. An appropriate Order follows.

**Dated**: November 3, 2020

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**